(67 P.3d 161)

No. 88,384

STATE OF KANSAS, *Appellee*, v. MICHAEL L. REIDER, *Appellant*.

Opinion filed April 25, 2003.

*Theresa Barr,* assistant appellate defender, for appellant.

*Matt J. Maloney,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before ELLIOTT, P.J., LEWIS, J., and STEPHEN D. HILL, District Judge, assigned.

HILL, J.: Michael L. Reider appeals the district court's order to register as a sex offender for a term of 10 years. We affirm.

After exposing his penis to Milton Whitaker, a stranger, and Whitaker's two nephews, Reider was arrested by Wichita police on August 7, 2001. Reider pled no contest to lewd and lascivious be-

havior, according to K.S.A. 2001 Supp. 21-3508(a)(2) and three counts of assault, in violation of K.S.A. 21-3408. He received a 6-month sentence for lewd and lascivious behavior, followed by consecutive 30-day sentences in the county jail for each assault count. Reider was placed on 12 months' probation.

Reider concedes that he is required to register for his conviction for lewd and lascivious behavior and that this was his first conviction for a crime specified in K.S.A. 2001 Supp. 22-4902. The district court ordered Reider to register, according to K.S.A. 22-4901 *et seq.*, as a sex offender for 10 years. Reider believes that the 10-year period is not applicable. Reider contends that since he was placed on probation he should be required to register as a sex offender for 12 months instead of 10 years, according to K.S.A. 2001 Supp. 22-4904(a)(7).

We must focus upon two statutes, K.S.A. 2001 Supp. 22-4904(a)(7) and K.S.A. 2001 Supp. 22-4906.

K.S.A. 2001 Supp. 22-4904(a)(7) provides:

"Notwithstanding any other provision of law, if a diversionary agreement or probation order, either adult or juvenile, or a juvenile offender sentencing order, requires registration under the Kansas offender registration act then all provisions of that act shall apply, except that the term of registration shall be controlled by such diversionary agreement, probation order or juvenile offender sentencing order."

K.S.A. 2001 Supp. 22-4906 provides the following:

"(a) Any person required to register as provided in this act shall be required to register:

(1) Upon the first conviction of . . . any offense as defined in subsection (a) of K.S.A. 22-4902 and amendments thereto . . . if not confined, for a period of 10 years after conviction . . .; or (2) upon a second or subsequent conviction for such person's lifetime.

"(b) Upon the first conviction, liability for registration terminates, if not confined, at the expiration of 10 years from the date of conviction, . . . if the convicted offender does not again become liable to register as provided by this act during that period."

Reider argues that K.S.A. 2001 Supp. 22-4904(a)(7) gives the district court discretion to lower the number of years required for registration to the number of years placed on probation or to the period the case is diverted. The district court disagreed, ruling that

the provision simply requires this registration period to be specifically mentioned in the probation order.

This court's review of the interpretation of a statute is unlimited. We are not bound by the district court's interpretation of the statute. *State v. Engles*, 270 Kan. 530, 532-33, 17 P.3d 355 (2001). When a statute is clear and unambiguous, a court must give effect to the intent of the legislature, not determine what the law should or should not be. *Martindale v. Tenny*, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). The court must apply the plain language of statutes since the statutory language represents the express legislative intent and the legislature, presumably, understood the language's meaning. It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs, if that intent can be ascertained. *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 378, 22 P.3d 124 (2001).

Criminal statutes and penalties in effect at the time the crimes were committed are controlling. *State v. Mayberry*, 248 Kan. 369, 387, 807 P.2d 86 (1991). Therefore, the 2001 amendments are applicable in Reider's case. K.S.A. 22-4904(a) was amended in 1996 to include the (a)(7) language: "Notwithstanding any other provision of law . . . ." L. 1996, ch. 224, § 4. In the initial amendment, there was a reference to K.S.A. 22-4906, which established the 10-year term of registration; however, that reference was omitted a year later. L. 1997, ch. 181, sec. 9.

In order to resolve this seeming conflict between the two statutes, an examination of another amendment made to the sexual offender registration laws by the 2001 legislature is helpful.

The former statute, K.S.A. 2000 Supp. 22-4908 provided that all sex offenders must register for 10 years for their first convictions. Then, after registration, the 2000 statute provided that the offender could ask for a reduction of that period and provided for an evidentiary hearing upon which the court could base its decision. The offender could call expert witnesses, and the court could, at its discretion, reduce the 10-year registration period if appropriate. That entire procedure was eliminated by our legislature in 2001, see L. 2001, ch. 208, § 15, and replaced with the simple language: "No person required to register as an offender pursuant to the

Kansas offender registration act shall be granted an order relieving the offender of further registration under this act." K.S.A. 2001 Supp. 22-4908. We believe that the intent of the legislature is now clear. There shall be no reduction in the 10-year registration requirement for sex offenders in Kansas. To rule otherwise would make the 2001 amendments to 22-4908 meaningless. With that in mind, the seeming conflict of the two prior statutes disappears.

If the legislature had reserved discretion in the district courts to reduce registration to only the period of time that a defendant could be placed on probation or during diversion they did not say so in 2001. District court discretion was the very procedure eliminated in 2001 by the enactment of K.S.A. 2001 Supp. 22-4908. We think, along with the district court, the more valid view is that with the 2001 amendments the legislature intended for all first time sex offenders to be registered for 10 years and for second offenders to be registered for their lifetimes.

The length of time K.S.A. 2001 Supp. 22-4906 requires all first time sex offenders to be registered is 10 years. Second offenders are required to register for their lifetimes. Any interpretation of K.S.A. 2001 Supp. 22-4904(a)(7) to the contrary is invalid.

The district court properly ruled that K.S.A. 2001 Supp. 22-4906 required a registration period of 10 years.

Affirmed.