NOT DESIGNATED FOR PUBLICATION

No. 120,802

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER C. SHAFER,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; MARILYN M. WILDER, judge. Opinion filed September 23, 2022. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before CLINE, P.J., ATCHESON and COBLE, JJ.

PER CURIAM: In a bench trial, the McPherson County District Court convicted Defendant Christopher Charles Shafer of aggravated battery and child abuse for violently shaking his infant son causing marked physical and cognitive harm to the child. The district court ordered Shafer to pay over $18,000 in restitution, principally for medical care provided the child. On appeal, Shafer contends he could be convicted only of child abuse as the more specific of the two crimes and the restitution order compromised his right to jury trial secured in the Kansas Constitution. Neither claim has merit, so we affirm the district court.

1

Shafer does not dispute the sufficiency of the trial evidence establishing the elements of reckless aggravated battery and of abuse of a child. We, therefore, need not recount the crimes in detail. Basically, Shafer was caring for his five-month-old son on a February morning in 2012 when he reported the child was having trouble breathing. The child had a concussive brain injury. Ultimately, medical experts attributed the injury to shaken baby syndrome. Shafer was criminally charged about two years later and convicted in June 2017. The crimes of conviction are both severity level 5 person felonies, and the district court sentenced Shafer to an aggravated guideline term of 34 months in prison on each to be served consecutively followed by 24 months of postrelease supervision. At a later hearing, the district court ordered Shafer to pay $18,363.11 in restitution.

On appeal, Shafer argues for the first time that K.S.A. 2021 Supp. 21-5109(d), governing multiple criminal charges arising from a single act, treats child abuse as a more specific crime than aggravated battery, thereby precluding the conviction for aggravated battery. We need not consider arguments presented for the first time on appeal. *State v. Swint*, 302 Kan. 326, 335, 352 P.3d 1014 (2015); *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But we have, likewise, recognized exceptions relaxing that rule. *Swint*, 302 Kan. 326, Syl. ¶ 3. To extend every procedural consideration to Shafer, we simply assume an exception applies and turn to the merits.

This issue rests on our reading of the relevant statutes and, therefore, presents a question of law. *State v. Dooley*, 313 Kan. 815, 819, 491 P.3d 1250 (2021). In assessing statutory provisions, the appellate courts are to glean the legislative purpose and intent from the language used, and they are to give effect to that purpose and intent. *State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009); *Hall v. Dillon Companies, Inc.*, 286 Kan. 777, 785, 189 P.3d 508 (2008). It is not the courts' business or function to add to or take away from the language of a statute. And the courts should not impose some

2

meaning on a statute beyond what the words themselves convey through their common and usual definitions. *Gracey*, 288 Kan. at 257.

We begin where Shafer does—with K.S.A. 2021 Supp. 21-5109(d). The provision states:

> "(d) Unless otherwise provided by law, when crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct, the defendant:
>> (1) May not be convicted of the two crimes based upon the same conduct; and
>> (2) shall be sentenced according to the terms of the more specific crime." K.S.A. 2021 Supp. 21-5109(d).

That part of the statute has remained unchanged from its enactment in 2010.

We next turn to K.S.A. 2011 Supp. 21-5602, the statute criminalizing child abuse. We consider the statutory language as it was in 2012, when Shafer committed the criminal act. *State v. Reider*, 31 Kan. App. 2d 509, Syl. ¶ 5, 67 P.3d 161 (2003) ("Criminal statutes and penalties in effect at the time the crimes were committed are controlling."). In pertinent part, the statute remained unchanged until earlier this year. Those recent changes have no bearing on Shafer's case. Under K.S.A. 2011 Supp. 21-5602(a)(2), child abuse was defined in February 2012 as "knowingly . . . shaking any child under the age of 18 years which results in great bodily harm to the child." In subsection (c), the statute further stated that "[a] person who violates the provisions of this section may also be prosecuted for, convicted of, and punished for any form of battery or homicide." K.S.A. 2011 Supp. 21-5602(c).

The meaning of subsection (c) is plain and, thus, unmistakable; it permitted a defendant to be charged and convicted of both child abuse and aggravated battery arising from a single incident resulting in sufficient harm to the victim. The subsection also

3

necessarily entailed language bringing the child abuse statute within the "unless otherwise provided by law" clause of K.S.A. 2021 Supp. 21-5109(d). Accordingly, the protections of K.S.A. 2021 Supp. 21-5109(d) do not apply to Shafer and his dual convictions for aggravated battery and child abuse. His point is without merit.

Also for the first time on appeal, Shafer challenges the constitutionality of the statutory restitution scheme because the district court, rather than a jury, determines the amount due. Shafer has offered an elaborate argument as to why that allocation of decision-making authority violates his right to jury trial secured in section 5 of the Kansas Constitution Bill of Rights. After Shafer filed his appellate brief, the Kansas Supreme Court rejected this argument in *State v. Arnett*, 314 Kan. 183, 196, 496 P.3d 928 (2021), holding that "restitution may still be imposed by a judge either as part of the sentence . . . or as a condition of probation." The *Arnett* court further held that judicially imposed restitution cannot be treated as a civil judgment or collected in the manner of a civil judgment. 314 Kan. at 196. So *Arnett* effectively undermines Shafer's contention that the restitution order cannot stand, although the decision limits how the order may be enforced.

Affirmed.