(217 P.3d 994)
No. 100,992

STATE OF KANSAS, *Appellee*, v. RAUL J. AGUILAR, JR., *Appellant*.

Opinion filed October 2, 2009.

*Christina M. Waugh*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, for appellee.

Before BUSER, P.J., MARQUARDT and CAPLINGER, JJ.

CAPLINGER, J.: Raul J. Aguilar, Jr., appeals the district court's order requiring him to pay a $400 forensic laboratory fee (lab fee) incurred for testing marijuana found on his person during his arrest. Aguilar argues that under K.S.A. 2008 Supp. 28-176(a), the district court erred in imposing the lab fee because he was not charged with a drug-related offense. We agree and reverse and remand with instructions to vacate the imposition of the $400 lab fee.

Wichita police officers detained and arrested Aguilar for driving under the influence of alcohol (DUI) and driving while suspended (DWS). During the course of the detention and arrest, officers discovered a green botanical substance on Aguilar's person. The Sedgwick County Regional Forensic Science Center (the lab) subsequently tested the substance and identified it as marijuana.

Aguilar was charged with and pled guilty to one count each of DUI and DWS; however, he was not charged or convicted of a crime related to the seized marijuana. In addition to the sentences and fines imposed on each count, the district court ordered Aguilar to pay various costs including a $400 lab fee. Defense counsel objected to the assessment of the lab fee, arguing Aguilar was not charged with a drug-related offense. The district court disagreed, finding that although Aguilar was not charged with a drug-related offense, "the Forensic Science Center did incur analysis of the green botanical substance taken from his pants pocket."

In this appeal, Aguilar argues the district court erred in ordering him to pay the lab fee because he was never charged or convicted of a drug-related offense. He points out that a plain reading of K.S.A. 2008 Supp. 28-176(a) reveals that the legislature clearly intended a defendant to be assessed a lab fee only if the laboratory services were rendered "in connection with" the defendant's case. The State agrees, conceding it did not allege or prove that marijuana was an element of Aguilar's offenses.

Pursuant to K.S.A. 2008 Supp. 28-176(a), a defendant convicted of a violation of K.S.A. 2008 Supp. 8-1567 shall pay a separate court cost of:

"(1) $400 as a Kansas bureau of investigation laboratory analysis fee for each offense if forensic science or laboratory services are rendered or administered by the Kansas bureau of investigation *in connection with the case*; and (2) $400 for each offense if forensic science or laboratory services are rendered or administered by the Sedgwick county regional forensic science center." (Emphasis added.)

Aguilar's challenge requires us to interpret the provisions of K.S.A. 2008 Supp. 28-176(a). Interpretation of a statute is a question of law over which appellate courts exercise unlimited review. *State v. Ruiz-Reyes*, 285 Kan. 650, 653, 175 P.3d 849 (2008). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Hall v. Dillon Companies, Inc.*, 286 Kan. 777, 785, 189 P.3d 508 (2008). Our first task is to " 'ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary

meaning.' [Citation omitted.]" *State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009).

Generally, criminal statutes are strictly interpreted in favor of the accused with any reasonable doubt in meaning construed in the accused's favor. However, this rule of strict construction is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and intent. *Gracey*, 288 Kan. at 257-58.

As Aguilar points out, the plain language of the statute permits imposition of lab fees upon a defendant only if the fees must have been incurred "in connection with the case." K.S.A. 2008 Supp. 28-176(a). Aguilar cites to *State v. Ortiz*, No. 96,988, unpublished opinion filed September 28, 2007, in support of his argument that lab fees for drug testing may not be imposed when the defendant has not been charged with a drug-related crime.

In *Ortiz*, the defendant was charged with and pled guilty to DUI. Ortiz refused to submit to a blood alcohol test and no lab fees were incurred in connection with the DUI charge. And although a white substance found during a search of Ortiz' person was tested and found to be cocaine, Ortiz was not charged with a drug-related offense. Nevertheless, the district court imposed a $400 lab fee upon Ortiz pursuant to K.S.A. 2006 Supp. 28-176(a). A panel of this court vacated the district court's assessment of that fee, finding the fee was erroneously imposed because Ortiz was not charged with or convicted of a drug-related offense. Slip op. at 11-12.

While *Ortiz* is not binding on this panel, we find it persuasive. As in *Ortiz*, no laboratory services were rendered or administered *in connection with* Aguilar's case. Instead, Aguilar was charged with and convicted of DUI based upon his attempt to operate a motor vehicle "while under the influence of alcohol to the extent that he was incapable of safely operating" the vehicle. See K.S.A. 2008 Supp. 8-1567(a)(3). Aguilar did not submit to a blood alcohol test and the lab rendered no laboratory services in connection with Aguilar's DUI conviction. Instead, the lab analyzed only the marijuana seized from Aguilar's pocket.

We conclude that because Aguilar was never charged with or convicted of a drug-related offense, the $400 lab fee for marijuana

testing was not incurred in connection with his case pursuant to K.S.A. 2008 Supp. 28-176(a).

Reversed and remanded with instructions to vacate the imposition of the $400 lab fee.