(237 P.3d 1250)
No. 102,640

PAULA GREATHOUSE, DIRECTOR OF THE DIVISION OF WORKERS
COMPENSATION, *Appellant*, v. KASB RISK MANAGEMENT
SERVICES; KANSAS MUNICIPAL INSURANCE TRUST; ALTER-
NATIVE RISK SERVICES, *et al.*, *Appellees*.

Opinion filed May 21, 2010.

*A. J. Kotich*, chief counsel, and *Glenn Griffeth*, deputy chief counsel, of Kansas
Department of Labor, for appellant.

*George F. Verschelden*, of Stinson Morrison Hecker LLP, of Kansas City, Mis-
souri, and *Charles W. Hatfield*, of the same firm, of Jefferson City, Missouri, for
appellee OHS Compcare.

*Douglas M. Greenwald* and *Frederick J. Greenbaum*, of McAnany, Van Cleave
& Phillips, P.A., of Kansas City, for appellees KASB Risk Management Services,
*et al.*

BEFORE MCANANY, P.J., BUSER and LEBEN, JJ.

MCANANY, J.: This case arises out of a dispute between OHS
Compcare (OHS) and Kansas Municipal Insurance Trust, Alter-
native Risk Services, and the Kansas Association of School Boards

Risk Management Services (collectively, the insurers). OHS provided medical care to a number of workers compensation claimants whose medical bills were being paid by the insurers. The insurers disputed OHS's fees under K.S.A. 44-510j. A hearing officer was appointed to conduct an informal medical dispute hearing pursuant to K.S.A. 44-510j(b). The informal hearings failed to resolve the dispute, so the parties requested a formal hearing.

The Kansas Department of Labor (Labor), the parent agency of the Kansas Division of Workers Compensation, entered into a contract with the Department of Administration, the parent agency of the Office of Administrative Hearings, to provide officers to conduct hearings for workers compensation medical fee disputes, among other issues. Pursuant to K.S.A. 44-510j(d)(2), the Director of the Kansas Division of Workers Compensation (director) referred the matter to the Office of Administrative Hearings to conduct the formal hearing requested by the parties. Hearing officer Sandra L. Sharon presided over the hearing to resolve the matter.

The hearing officer conducted formal hearings, after which she concluded that

"inflated claims were submitted for payment by [OHS] on all medical claims which are the subject of review in this matter.

. . . .
"The modifications made by the third party payors on behalf of the Claimants on the medical claims, which are the subject of review in this matter, are appropriate under the Kansas Workers Compensation Act."

She advised the parties that "[a]n appeal of this decision may be made to the Workers Compensation Board within ten days of the issuance of this decision. K.S.A. 44-510j(d)(2)."

OHS appealed to the Workers Compensation Board (Board). After hearing oral arguments, the Board issued its order dismissing the appeal. The Board stated:

"K.S.A. 44-510j(d)(2) provides for review by the Board of the decision of the Director. . . . While the statute authorizes the Director to appoint a hearing officer to conduct the formal hearing, it requires that the Director make the findings and conclusions.

. . . .
"The appellees argue that the Initial Order of the [Presiding Officer] is the equivalent of an order from the Director. The Board does not find that intent

expressed in the statute. If the Legislature had intended for the hearing officer or officers to make the determination and for that decision to be appealable to the Board, then it would have said so. The plain language of the statute shows that such was not the Legislature's intent.

"The Board has jurisdiction to review the decision of the Director, not of the [Presiding Officer.] Accordingly, in the absence of a decision by the Director, this appeal is premature.

. . . .

"The Initial Order entered by the [Presiding Officer] is not a final order. The Board is without jurisdiction to review that Initial Order."

Labor appeals, contending that the Board misinterpreted K.S.A. 44-510j(d)(2). The parties to the underlying dispute take no position on whether the Board's interpretation of the statute is correct. OHS claims the hearing officer's order on the medical expenses issue was in error, and that it simply wants a final agency determination which, if unfavorable, would entitle it to seek judicial review.

The issue before us is one of statutory interpretation, an issue of law over which our review is de novo. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 271, 202 P.3d 7 (2009). In interpreting the statute we look to the plain meaning of the words employed by the legislature. See *State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009).

### K.S.A. 44-510j

K.S.A. 44-510j is the relevant statute. Because of the length of subsection (d)(2) of the statute, we have added a number in brackets for each sentence. The relevant portions of the statute provide:

"When an employer's insurance carrier or a self-insured employer disputes all or a portion of a bill for services rendered for the care and treatment of an employee under this act, the following procedures apply:

. . . .

"(c) The director or the director's designee shall hold the informal hearing to hear and determine all disputes as to such bills and interest due thereon. . . . If the parties are unable to reach a settlement regarding the dispute, the officer hearing the dispute shall enter an order so stating.

"(d) After the entry of the order indicating that the parties have not settled the dispute after the informal hearing, the director shall schedule a formal hearing.

. . . .

"(2) **[1]** The formal hearing shall be conducted by hearing officers, the medical administrator or both as appointed by the director. . . . **[2]** If the director finds that a provider or facility has made excessive charges or provided or ordered unjustified treatment, services, hospitalization or visits, the provider or facility may, subject to the director's order, receive payment pursuant to this section from the carrier, employer or employee for the excessive fees or unjustified treatment, services, hospitalization or visits and such provider may be ordered to repay any fees or charges collected therefor. **[3]** If it is determined after the formal hearing that a provider improperly utilized or otherwise rendered or ordered unjustified treatment or services or that the fees for such treatment or services were excessive, the director may provide a report to the licensing board of the service provider with full documentation of any such determination, except that no such report shall be provided until after judicial review if the order is appealed. **[4]** Any decision rendered under this section may be reviewed by the workers compensation board. **[5]** A party must file a notice of appeal within 10 days of the issuance of any decision under this section. **[6]** The record on appeal shall be limited only to the evidence presented to the hearing officer. **[7]** The decision of the director shall be affirmed unless the board determines that the decision was not supported by substantial competent evidence." K.S.A. 44-510j.

The question before us is a straightforward one: Do the parties have to seek an intermediate review of the hearing officer's decision by the director before seeking review by the Board, or can they go directly to the Board for review? We conclude that the plain language of the statute permits the parties to go directly to the Board for review.

*Subsection (c)*

K.S.A. 44-510j(c) authorizes the director of the Division of Workers Compensation to delegate to a hearing officer the responsibility to conduct an initial informal hearing to attempt to resolve the dispute. If the matter is not settled at the informal hearing stage, K.S.A. 44-510j(d) mandates that the director schedule a formal hearing.

*Subsection (d)(1)*

The next subsection, K.S.A. 44-510j(d)(1), is not set out verbatim above. It provides that the director may seek an independent review of the disputed billing, including a peer review of the audit, before the formal hearing occurs. It does not contemplate that the director will accomplish the review herself. It provides in part:

"The director may contract with one or more private foundations or organizations to provide utilization review of service providers pursuant to the workers compensation act." K.S.A. 44-510j(d)(1).

*Subsection (d)(2)*

K.S.A. 44-510j(d)(2) provides details relating to the formal hearing.

Sentence **[1]** of this subsection directs that the hearing be held not by the director herself, but by a hearing officer with or without the assistance of a medical administrator. The director's sole responsibility is to appoint a hearing officer and, if necessary, a medical administrator. The obvious point of the formal hearing in our case was to arrive at a decision on the issue of the reasonableness of the medical service provider's charges, an issue which the parties were unable to resolve at the informal hearing stage. In the case now before us, it does not appear that a medical administrator was appointed to assist in resolving the issue. Thus, the decision to be made was the decision of the hearing officer alone.

Sentence **[2]** relates to an order by the director if a medical service provider has received an excessive fee payment that should be repaid. This provision does not apply here. The medical providers apparently were denied payment in the first instance because the charges were claimed to be excessive.

Sentence **[3]** gives the director the option of reporting the over-charging provider to the relevant licensing board. This provision only comes into play upon resolution of any judicial appeal, which, in the present case, has not happened yet. Interestingly, unlike in sentence **[2]**, there is no reference to any fact finding by the director. Sentence **[3]** contemplates a decision by the hearing officer on the issue of overcharging following the formal hearing. The only opportunity for a decision by the director arises *after* judicial review (which occurs after Board review) when the director must decide whether to report the provider to the relevant licensing board. The director is not an intermediary in the Board's review process.

Sentence **[4]** is clear and bears repeating: *"Any decision* rendered under this section may be reviewed by the workers compensation board." (Emphasis added.) K.S.A. 44-510j(d)(2). "This

section" includes sentence [1] above. By any fair reading, this necessarily includes the decision made by the hearing office following the formal hearing.

Sentences [5] and [6] relate to the time for an appeal and the record on appeal.

Sentence [7] requires the Board to affirm a decision by the director which is supported by substantial competent evidence. Sentence [4] makes it clear that a decision by the hearing officer following the formal hearing may be appealed to the Board. Clearly, the reference to "the director" in sentence [7] cannot be construed to exclude the hearing officer; that is, that only decisions by the director need be supported by substantial competent evidence.

Under sentence [1], the director is required to appoint a hearing officer to hear the dispute and to arrive at a decision on the merits. There is no provision in the statute for review by any entity other than the Board. The statute neither requires nor permits an intermediate review by the director. Hence, the decision of the hearing officer necessarily *becomes* the decision of the director.

In its analysis of the issue, the Board does not appear to take the position that the director does not have the authority to delegate to a hearing officer the authority to hear and decide the issue at the formal hearing. After all, that is expressed pretty clearly in sentence [1]. If the director is constrained by the substantial evidence standard in any decision she might make which finds its way to the Board, she certainly cannot delegate to a hearing officer decision-making authority that is not similarly constrained.

We need not address the other bases for reversing the Board advanced in this appeal. Based upon the plain reading of the statute, it is clear to us that the Board has the jurisdiction to review the decision of the hearing officer.

Reversed and remanded to the Board for review on the merits.