NOT DESIGNATED FOR PUBLICATION

No. 118,985

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FELIPE D. HERNANDEZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed March 1, 2019. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.


PER CURIAM: Eight years after a jury convicted Felipe D. Hernandez of several counts primarily relating to the abuse of his 13-year-old daughter, he filed a petition under K.S.A. 2011 Supp. 21-2512 seeking DNA testing of the bedding removed from the scene of the sexual assault. After the forensic test results came back showing that no biological material was found on the items tested, the district court ruled the results were unfavorable and/or inconclusive and dismissed Hernandez' petition. Hernandez appeals, asserting that the district court erred in finding the results of the DNA testing were not favorable to him. For the reasons set forth in this opinion, we affirm.

1

In 2003, a jury convicted Hernandez of rape, two counts of aggravated criminal sodomy, two counts of criminal threat, aggravated battery, and domestic battery. The victim of the sexually related crimes was Hernandez' then 13-year-old daughter. The State relied primarily on the daughter's testimony to prove the elements of the charged crimes. Although Hernandez denied the allegations and claimed that his daughter fabricated her story, the jury rejected this defense. His convictions and sentence were subsequently affirmed in *State v. Hernandez*, No. 91,434, 2005 WL 81492, at *8 (Kan. App. 2005) (unpublished opinion).

After filing an unsuccessful K.S.A. 60-1507 motion alleging that he received ineffective assistance of counsel at trial, Hernandez filed a pro se petition under K.S.A. 2011 Supp. 21-2512(a) seeking DNA testing of blankets and sheets, towels, and a box of condoms. After appointing counsel to represent Hernandez and holding a nonevidentiary hearing, the district court denied the petition, finding that the requested testing could not produce exculpatory evidence. Ultimately, the Kansas Supreme Court found that the district court had used the wrong legal standard in ruling on Hernandez' petition for DNA testing. Thus, the Court reversed the district court's decision and remanded the case for further proceedings on the motion for DNA testing. *State v. Hernandez*, 303 Kan. 609, 621, 366 P.3d 200 (2016).

On May 26, 2016, the district court entered an order for DNA testing, stating in part:

> "(3) Once a known DNA sample is collected from defendant and the evidence is gathered, the prosecutor will take any steps needed to secure laboratory analysis of such items. The lab shall determine whether any biological material is present on the submitted evidence from the case, how many possible contributors there are to any biological material found, and whether defendant is a possible contributor."

In response to the order, the Wichita Police Department submitted various items for DNA testing to the Regional Forensic Science Center. A body fluid examination was performed on several items taken from Hernandez' house during the initial police investigation, including one beige flat sheet, one off-white flat sheet, one plaid flat sheet, and a comforter. The lab report showed that no semen or blood was detected on any of the bedding.

On October 25, 2017, the district court conducted a hearing to determine whether the test results were favorable, unfavorable, or inconclusive. Hernandez claimed the district court should view the results as favorable because the lack of his DNA on his daughter's sheets and the lack of her DNA on his sheets was relevant and material to his claim that the allegations of sexual abuse had been made up. Hernandez requested the district court consider the full spectrum of remedies available after DNA testing shows a favorable result.

The State argued that the findings of the forensic lab could not be classified as "results" under K.S.A. 2017 Supp. 21-2512(f) because no DNA was found. So the State claimed that the district court was not required to classify the findings as favorable, unfavorable, or inconclusive. Alternatively, the State suggested that the results were unfavorable. The State reasoned that the jury convicted Hernandez despite the fact that there was no DNA evidence presented at trial, and the lab report showed that there was still no DNA evidence to present to a jury. At the conclusion of the hearing, the district court took the matter under advisement.

On November 1, 2017, the district court denied the relief requested under K.S.A. 2017 Supp. 21-2512. In an amended order filed the next day, the district court noted that Hernandez' defense at trial was that his daughter fabricated the allegations of sexual abuse in an effort to end his physical abuse of her. Upon collection of the evidence, the forensic investigator noted that the bedding contained no visible stains, but she did not

3

know if there were any bodily fluids available for DNA testing. The district court noted that the State pointed out that no DNA testing was presented at trial. Additionally, defense counsel stated in closing arguments that "nothing was done with any physical evidence."

After noting that the postconviction forensic testing revealed no semen, blood, or other DNA evidence, the district court ruled that the results were not favorable to Hernandez under K.S.A. 2017 Supp. 21-2512(f)(2). The district court found that the State did not present the jury with any DNA evidence to consider at trial, and the additional testing did not change the fact that there was still no DNA evidence. Thus, the district court concluded that Hernandez was in the same position that he was in at trial—so, the results favored neither party.

In the alternative, the district court found that "[a]t a minimum" the results were inconclusive under K.S.A. 2017 Supp. 21-2512(f)(3) because no DNA evidence was found. The district court noted that Hernandez failed to show at the hearing that there is a substantial question about his innocence. Specifically, the district court noted:

> "[Hernandez] is essentially in the same position today, with testing having occurred, as he was at trial with no bedding having been tested—no DNA evidence in either scenario available for consideration. With this said, the jury was left with and still would be left with a credibility decision, i.e. CH vs. the defense theory, in light of no DNA evidence for or against either party."

The district court concluded that because the results were either unfavorable or inconclusive, Hernandez was entitled to no relief. Thereafter, Hernandez filed a timely notice of appeal.

4

On appeal, Hernandez contends that the district court erred when it found the results of the ordered DNA testing were not favorable to him. Hernandez argues that because no blood or semen was found on the sheets, the results of the testing were exculpatory. Hernandez continues to assert that his daughter made up the allegations of sexual abuse after he physically struck her for lying to him about skipping school and for engaging in sexual activity with her boyfriend. Hernandez claims the district court was required to hold a hearing on favorable test results under K.S.A. 2017 Supp. 21-2512(f)(2).

Hernandez also argues that the absence of biological material on any of the bedding where the sexual assaults took place should be viewed as a favorable result for his defense because it calls into question whether there was actually any sexual contact between him and his daughter. Hernandez further claims this lack of evidence would have a substantial effect on a jury in determining his daughter's credibility.

We apply a de novo standard of review to a district court's legal determination of whether postconviction DNA test results are favorable, unfavorable, or inconclusive under K.S.A. 2017 Supp. 21-2512(f). *Haddock v. State*, 295 Kan. 738, 765, 286 P.3d 837 (2012). However, we give deference to the district court's factual findings. 295 Kan. at 765.

As this case turns on the interpretation of K.S.A. 2017 Supp. 21-2512, we are to glean the legislative purpose and intent from the language used, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016); *State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009). When a statute is plain and unambiguous, we will not speculate about the legislative intent behind that clear

5

language, and we refrain from reading something into the statute that is not readily found in its words. *Barlow*, 303 Kan. at 813.

K.S.A. 2017 Supp. 21-2512 provides that convicted murderers and rapists in state custody may file motions requesting DNA testing. A convict may petition the court that entered the judgment for forensic DNA testing of any biological material that

"(1) Is related to the investigation or prosecution that resulted in the conviction;

"(2) is in the actual or constructive possession of the state; and

"(3) was not previously subjected to DNA testing, or can be subjected to retesting with new DNA techniques that provide a reasonable likelihood of more accurate and probative results." K.S.A. 2017 Supp. 21-2512(a).

After remand by the Kansas Supreme Court, the district court ordered DNA testing and directed the prosecutor to "take any steps needed to secure laboratory analysis of such items." See K.S.A. 2017 Supp. 21-2512(b). In order for K.S.A. 2017 Supp. 21-2512(f) to apply, the statutory language requires the existence of biological material on which DNA testing can occur. See *State v. Lingenfelter*, No. 105,551, 2012 WL 687836, at *2-4 (Kan. App. 2012) (unpublished opinion).

K.S.A. 2017 Supp. 21-2512(f) sets out procedures for a district court to follow depending on whether the results of postconviction DNA testing are unfavorable to the petitioner, favorable to the petitioner, or merely inconclusive. After the lab reports came back indicating that no semen or blood was found on the bedding, the district court held a hearing at which it contemplated how it should proceed under K.S.A. 2017 Supp. 21-2512(f), which provides:

"(1) Except as provided in subsection (f)(3), if the results of DNA testing conducted under this section are unfavorable to the petitioner, the court:

(A) Shall dismiss the petition; and

6

(B) in the case of a petitioner who is not indigent, may assess the petitioner for the cost of such testing.

"(2) If the results of DNA testing conducted under this section are favorable to the petitioner and are of such materiality that a reasonable probability exists that the new evidence would result in a different outcome at a trial or sentencing, the court shall:

(A) Order a hearing, notwithstanding any provision of law that would bar such a hearing; and

(B) enter any order that serves the interests of justice, including, but not limited to, an order:

(i) Vacating and setting aside the judgment;

(ii) discharging the petitioner if the petitioner is in custody;

(iii) resentencing the petitioner; or

(iv) granting a new trial."

"(3) If the results of DNA testing conducted under this section are inconclusive, the court may order a hearing to determine whether there is a substantial question of innocence. If the petitioner proves by a preponderance of the evidence that there is a substantial question of innocence, the court shall proceed as provided in subsection (f)(2)."

After taking the matter under advisement, the district court issued a written order finding the results of the DNA testing were not favorable, but were either inconclusive or unfavorable.

When seeking relief under K.S.A. 2017 Supp. 21-2512, the petitioner has the burden of establishing that: (1) the postconviction DNA test results are favorable; and (2) the new DNA evidence is of such materiality that a reasonable probability exists that it would cause a different result at trial. *State v. Rodriguez*, 302 Kan. 85, 94-95, 350 P.3d 1083 (2015). Our Supreme Court has recognized that "'DNA results need not be completely exonerating in order to be considered favorable.' [Citation omitted.]" *Haddock*, 295 Kan. at 759. See *State v. LaPointe*, 309 Kan. ___, 2019 WL 638742, at *4 (No. 113,580 filed February 15, 2019). For evidence to be exculpatory, it must tend only to prove a fact in issue and material to guilt or punishment. *State v. Lackey*, 295 Kan.

7

816, 823, 286 P.3d 859 (2012). This is because even if DNA evidence does not conclusively establish guilt or innocence, it may still have significant probative value. *Haddock*, 295 Kan. at 759.

The State claims that K.S.A. 2017 Supp. 21-2512(f) does not apply here because the plain language of the statute applies only to "forensic DNA testing . . . of any biological material[.]" See K.S.A. 2017 Supp. 21-2512(a). Here, although the district court ordered the DNA testing, there was no biological material to test. The Regional Forensic Science Center conducted a body fluid examination of the bedding materials submitted, but the test found no blood or semen present for DNA testing.

With no DNA testing results, it is not possible to classify properly the results as nonfavorable, favorable, or inconclusive. The statute contemplates that the district court make a finding under K.S.A. 2017 Supp. 21-2512(f) only when there was DNA testing conducted. In this instance, the lab found no biological material present for DNA testing. As such, the inquiry under K.S.A. 2017 Supp. 21-2512(f) does not apply, and Hernandez no longer had a possible remedy under K.S.A. 2017 Supp. 21-2512.

As the Kansas Supreme Court recognized the last time Hernandez' motion for testing was before the appellate courts, evidence can be exculpatory without being exonerating. Exculpatory evidence need not definitively prove innocence, but must tend only to prove a disputed material fact. *Hernandez*, 303 Kan. at 620. However, our Supreme Court did not address whether K.S.A. 2017 Supp. 21-2512(f) applies when no biological material was present for DNA testing. We find that the plain language of K.S.A. 2017 Supp. 21-2512(f) suggests that the statute applies only when DNA test results were obtained. Here, there was no DNA evidence to test.

In *Lingenfelter*, a panel of this court held that "a petition requesting that a forensic examiner look at an object to see if it contains blood, other bodily fluids, or some other

8

biological material falls outside the scope of K.S.A. 21-2512." 2012 WL 687836, at *3. The *Lingenfelter* court explained that

"[h]ad the legislature contemplated that sort of broad scope, it would have used more sweeping language to describe the purpose and result of a petition for DNA testing. It might have said, for example, the convict 'may petition the court for examination of evidence in the custody or control of the state for biological material and subsequent DNA testing of any such material discovered.' But the legislature did not use language of that type." 2012 WL 687836, at *3.

In addition, the panel in *Lingenfelter* noted that K.S.A. 21-2512(b)(2) directs the prosecutor to preserve "any remaining biological material that was secured in connection with the case[.]" The statute does not direct a prosecutor to preserve any physical evidence that might contain biological material. "If the purpose of the statute were to permit searches for as yet unidentified (quite possibly nonexistent) biological material, the legislature presumably would have required preservation of physical evidence that might contain such material." 2012 WL 687836, at *3.

The panel in *Lingenfelter* also found that a contrary reading of K.S.A. 21-2512 would expand the statute and permit one to petition for review for large amounts of evidence on "a wholly speculative basis that some biological material might be found." 2012 WL 687836, at *4. The *Lingenfelter* court noted that this does not leave petitioners without a remedy because they are not limited in seeking postconviction relief through another avenue such as a K.S.A. 60-1507 proceeding. See K.S.A. 2017 Supp. 60-1507(f)(2) (time limitation may be extended to prevent manifest injustice).

In *State v. Rivera*, No. 111,857, 2015 WL 5009324, at *3, a panel of this court denied a criminal defendant's petition for DNA testing because he was seeking testing of bedding to support his theory that an absence of biological material on the bed sheets would show that the rape did not happen as the victim claimed. The panel affirmed the

9

district court's denial of the defendant's petition, noting that the DNA testing provisions under statute "are predicated on the existence of identified biological material available for testing." 2015 WL 5009324, at *3. The panel found that K.S.A. 21-2512 does not authorize the district court to order a search for biological material for testing. 2015 WL 5009324, at *3; see also *State v. Andrews*, No. 107,506, 2013 WL 2991069, at *4 (Kan. App. 2013) (unpublished opinion) (upholding the denial of petitioner's request for DNA testing because he had not identified any biological material that could be tested).

In *State v. Smith*, 34 Kan. App. 2d 368, 372, 119 P.3d 679 (2005), our court ruled that a petitioner's failure to make a claim of the existence of biological material is not fatal under the statute because a criminal defendant may be unaware of the extent of biological evidence available for testing. Although the burden the petitioner must meet before DNA testing is ordered was discussed, the court made the comment in dicta and it was not related to the grounds on which the decision was based. 34 Kan. at 372. In the present case, the issue before us is not the burden the petitioner must meet for a district court to order testing. Rather, in this case the lab completed the testing and concluded there was no biological material for testing.

The State suggests that because K.S.A. 2017 Supp. 21-2512 does not apply, Hernandez could still petition the district court for a new trial based on a claim of newly discovered evidence. When assessing a claim of newly discovered evidence, a court cannot grant relief unless two requirements are met: (1) the newly proffered evidence is indeed "new," meaning that it could not, with reasonable diligence, been produced at trial; and (2) the evidence must be of such materiality that there is a reasonable probability that the newly discovered evidence would produce a different result upon retrial. *State v. Trammel*, 278 Kan. 265, 283, 92 P.3d 1101 (2004). The second step in this analysis is similar to the second step of the analysis laid out in K.S.A. 2017 Supp. 21-2512(f)(2) when the DNA testing produces favorable results. See *LaPointe*, 2019 WL 638742, at *5.

10

Hernandez claims that the determination that there was no semen or blood on the bedding would have had a "substantial impact" on the jury's determination of the victim's credibility. But generally evidence that could have attacked a victim's credibility is not of such materiality that there is a reasonable probability that the new evidence would produce a different result upon retrial. See *State v. Rojas-Marceleno*, 295 Kan. 525, 540, 285 P.3d 361 (2012); *State v. Munyon*, 240 Kan. 53, 63, 726 P.2d 1333 (1986). Here, the victim testified that Hernandez used a condom during their vaginal sexual intercourse, so it is unlikely that biological material would be found on the bedding.

We note that the victim said that Hernandez did not use a condom when he engaged in anal sex with her, but she said that occurred only two to four times during her seventh grade year of school. The incident of anal sex that she described at trial occurred in her sister's bedroom and lasted less than a minute. Again, the fact that there was no biological material found on the bedding in the victim's bedroom is not inconsistent with her account of events. The absence of semen or blood on her bedding does not preclude the possibility of sexual contact.

We hold that K.S.A. 2017 Supp. 21-2512(f) applies only when biological material is present for DNA testing. Although the district court analyzed the lab results under K.S.A. 2017 Supp. 21-2512(f), it understandably struggled in classifying the results as favorable, unfavorable, or inconclusive because that portion of the statute applies only when DNA testing was performed. Here, we find that the district court reached the correct result, and we would uphold the dismissal of Hernandez' petition regardless of the grounds it relied upon. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (affirming judgment as right for the wrong reason).

Because the lab found no biological materials on the bedding to test for the presence of DNA, the district court is not required to classify the results as favorable, unfavorable, or inconclusive under K.S.A. 2017 Supp. 21-2512(f). The tests results

obtained in this case did not fall under the scope of K.S.A. 2017 Supp. 21-2512(f). Accordingly, we affirm the district court's dismissal of Hernandez' petition for relief under K.S.A. 2017 Supp. 21-2512.

Affirmed.