No. 101,512

STATE OF KANSAS, *Appellee*, v. WILLIAM JOLLY, *Appellant*.

(249 P.3d 421)

Opinion filed March 18, 2011.

*Carl Folsom, III*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for the appellant.

*Ellen H. Mitchell*, county attorney, argued the cause, and *Christina Trocheck*, assistant county attorney, and *Steve Six*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: William Jolly pleaded guilty to one count of rape, an off-grid person felony pursuant to K.S.A. 21-3502(a)(2) and (c).

Per K.S.A. 21-4643(a) (Jessica's Law), the prescribed sentence was life imprisonment with a mandatory minimum of 25 years. The district court instead ordered Jolly to serve 300 months' incarceration with lifetime postrelease supervision and lifetime electronic monitoring. Our jurisdiction to hear Jolly's appeal of his sentence is under K.S.A. 22-3601(b)(1).

The issues on appeal, and our accompanying holdings, are as follows:

1. Did the district court follow statutory authority to impose a 300-month sentence? No.

2. Did the district court err by imposing lifetime electronic monitoring as a condition of Jolly's sentence? Yes.

Accordingly, we vacate Jolly's sentence and remand for resentencing.

## FACTS

William Jolly was charged with the off-grid person felony of rape (sexual intercourse with a child under 14 years old) pursuant to K.S.A. 21-3502(a)(2) and (c). He was additionally charged with the off-grid person felony of aggravated indecent liberties with a child pursuant to K.S.A. 21-3504(a)(3)(A) and (c). Under Jessica's Law, both offenses carry a sentence of imprisonment "for life with a mandatory minimum term of imprisonment of not less than 25 years." K.S.A. 21-4643(a)(1)(B) and (C).

On February 11, 2008, Jolly pleaded guilty to the rape charge. In exchange, the State agreed to drop the charge of aggravated indecent liberties with a child. During the plea hearing Jolly stipulated that the State's exhibits, the probable cause affidavit, and his written confession provided the factual basis through which the court could accept his plea.

According to the plea hearing exhibits, on July 15, 2007, 12-year-old C.E. came over to play with Jolly's son. At some point during the day, Jolly lay down in his bed and C.E. later joined him. Jolly stated that he was curious as to how desensitized C.E. was from a previous sexual assault, and he began touching her to see "how far she would let [him] go." Jolly placed his hands up C.E.'s shirt and began touching her breasts. According to Jolly, C.E.'s only reaction

was a "blank stare." Jolly then began rubbing the outside of C.E.'s vagina and then penetrated her vagina with his finger.

Jolly stated that at this point his whole "mindset changed" from "clinical exploration to more the lover attitude to make her feel good." He then pulled his penis out of his pants and rubbed it on C.E. to become erect. Jolly penetrated C.E.'s vagina with his penis and only removed it when he heard a noise that caused him to "snap back to reality." C.E. then left Jolly's residence and later reported the incident to her grandmother.

The parties agree that Jolly had a criminal history score of I and if sentenced pursuant to K.S.A. 21-4701 *et seq.*, the Kansas Sentencing Guidelines Act (KSGA), his presumptive grid sentence would be between 147 and 165 months. At sentencing Jolly requested a departure from the life sentence and mandatory minimum of Jessica's Law pursuant to K.S.A. 21-4643(d). Dr. Robert W. Barnett, a clinical psychologist, testified on Jolly's behalf. Barnett did not consider Jolly a pedophile or sexual predator and felt Jolly's chances of recidivism were low. He ultimately recommended a sentence of probation. In additional support of departure, Jolly also argued that he accepted responsibility for his actions and did not put C.E. through a trial and the ordeal of testifying.

The State opposed the departure motion. It relied heavily on the facts outlined in Jolly's confession, noting that C.E. was a lifelong family friend and that Jolly continued to minimize and justify his actions as trying to help her heal from a previous sexual assault.

After hearing testimony and arguments, the court sentenced Jolly to 300 months' imprisonment with lifetime postrelease supervision and lifetime monitoring. The judge stated:

"Under the Jessica's Law statute, as you know, Mr. Jolly, because of your age and the victim's age and the nature of this offense the Court must impose a life sentence without the possibility of parole for 25 years unless the Court does find substantial and compelling reasons to justify a departure. And considering—I—this Court, certainly, does consider that you did accept responsibility by cooperating with law enforcement, and you did not put this child through a trial, and you have no criminal history prior to this time. The Court is going to find that there are, anyway, a few substantial reasons for a departure from that life sentence, but I'm going to impose a sentence other than imposing a life sentence without possibility of parole for 25 years. I'm going to impose a 25 years sentence, which

would be 300 months, with the Department of Corrections. And I'm going to impose life-time post-release supervision. And the Court does find this to be a sexually motivated offense and the Court will order that you register as a sex offender for life. And you'll be subject to life-time monitoring."

Jolly now appeals the sentence of 300 months and "life-time monitoring."

## ANALYSIS

*Issue 1: The district court did not follow statutory authority to impose a 300-month sentence.*

### Parties' Arguments

The parties dispute the nature of the sentence imposed. Jolly argues that the 300-month sentence was the result of two different departures. First, he contends that the court granted his motion for departure from the usual life sentence and mandatory minimum of Jessica's Law to the KSGA sentencing grid under K.S.A. 21-4643(d). Second, Jolly asserts that the court then imposed, on its own volition, an upward durational departure to 300 months from Jolly's presumptive grid sentence of 147 to 165 months. He argues that the court erred when it departed upward on its own volition because it failed to comply with the procedural rules. See K.S.A. 21-4716(b); K.S.A. 21-4718(a)(3), (4). Jolly ultimately requests that this court vacate the "300-month sentence and remand with directions to sentence Mr. Jolly in the presumptive guidelines range."

The State responds that this court should "remand for further findings by the sentencing court" because the sentence was unclear. In support of its argument, the State notes that the district court "found that there were aggravated circumstances in that it noted the defendant's age in relation to the victim's age, the defendant's relationship with [victim] as a family friend, and the fact that the defendant continued to minimize his behavior at sentencing and failed to understand the seriousness of what he had done."

### Standard of Review

This issue requires this court to interpret language within the relevant provisions of the KSGA. Statutory interpretation is a ques-

tion of law over which this court has unlimited review. *State v. Ballard*, 289 Kan. 1000, 1010, 218 P.3d 432 (2009).

### Discussion

Under Jessica's Law, while the usual sentence is life imprisonment with a mandatory minimum of 25 years, the district court may impose a departure to the sentencing guidelines. K.S.A. 21-4643(d) provides:

"On or after July 1, 2006, for a first time conviction of an offense listed in paragraph (a)(1), the sentencing judge shall impose the mandatory minimum term of imprisonment provided by subsection (a), unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure. If the sentencing judge departs from such mandatory minimum term of imprisonment, the judge shall state on the record at the time of sentencing the substantial and compelling reasons for the departure. *The departure sentence shall be the sentence pursuant to the sentencing guidelines act, K.S.A. 21-4701 et seq.,* and amendments thereto, and, subject to the provisions of K.S.A. 21-4719, and amendments thereto, no sentence of a mandatory minimum term of imprisonment shall be imposed hereunder." (Emphasis added.)

Jolly clearly moved the district court for a departure from the usual Jessica's Law sentence pursuant to K.S.A. 21-4643(d). However, the court's resultant analytical path is unclear. The court appeared to find there were substantial and compelling reasons for a departure. However, the court never mentioned that it was departing to the "sentence pursuant to the sentencing guidelines act, K.S.A. 21-4701." See K.S.A. 21-4643(d). Nor did it acknowledge Jolly's presumptive sentence range under the KSGA of 147 to 165 months. Rather, the court simply departed from life imprisonment to 300 months without explaining how it got there.

We held in *State v. Gracey*, 288 Kan. 252, 259, 200 P.3d 1275 (2009), that "K.S.A. 21-4643(d) provides that in the presence of substantial and compelling reasons, the district court may impose a sentence *pursuant to the sentencing guidelines.*" (Emphasis added.). Today in *State v. Spencer*, 291 Kan. 796, 248 P.3d 256 (2011), we expressly concluded that the sentencing court that departs under 21-4643(d) should first go to the applicable grid box appropriate to the defendant's criminal history and to "the severity level assigned to the crime when it lacks the element of disparity

between the defendant's and the victim's ages." 291 Kan. at 827, 830.

Accordingly, we must conclude the court's departure was not performed according to either Jessica's Law or the KSGA. We acknowledge that after a court's departure to the guidelines, *Spencer, Ballard,* and *Gracey* then allow departures *from* the guidelines. *Spencer,* 291 Kan. at 803 (once sentence becomes a guidelines sentence, district court free to depart from sentencing grid); *Ballard,* 289 Kan. at 1008-09 (" 'once sentencing has shifted to the sentencing guidelines, nothing precludes the district court from granting a departure, either dispositional or durational' "); *Gracey,* 288 Kan. at 259. However, the requirements of neither the first step into the guidelines nor the second step away from the presumptive guidelines sentence can be ignored, and all departure procedures must be followed. See *Spencer,* 291 Kan. at 830. Consequently, Jolly's 300-month sentence is illegal. *Ballard,* 289 Kan. at 1010 (illegal sentence is " ' "a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized" ' "). As a result, we vacate Jolly's sentence and remand for resentencing.

Jolly has also argued that the State failed to cross-appeal, pursuant to K.S.A. 21-4721(a), the district court's proper departure from the usual Jessica's Law sentence to the sentencing guidelines. Accordingly, he asserts, this court should review only the legality of the upward durational departure to 300 months. The problem with his argument is that the district court imposed an illegal sentence.

*Issue 2: The district court erred by imposing lifetime electronic monitoring as a condition of Jolly's sentence.*

Jolly further contends that the district court erred by imposing lifetime electronic monitoring. While his claim could now be disregarded because of our vacation of his sentence and remand on previously noted grounds, we address it to supply guidance for resentencing. See *State v. Kunellis,* 276 Kan. 461, 476, 78 P.3d 776 (2003).

*Standard of Review*

As with Issue 1, this issue requires interpretation of sentencing statutes, a question of law over which this court has unlimited review. *Ballard,* 289 Kan. at 1010.

*Discussion*

While not clearly identified from the transcript of the sentencing hearing, the parties agree that the "lifetime monitoring" condition of Jolly's sentence was imposed pursuant to K.S.A. 22-3717(u). That statute provides:

"An inmate sentenced to imprisonment pursuant to K.S.A. 21-4643, and amendments thereto, for crimes committed on or after July 1, 2006, shall be placed on parole for life and shall not be discharged from supervision by the Kansas *parole board. When the board orders the parole of an inmate pursuant to this subsection, the board shall order as a condition of parole that the inmate be electronically monitored for the duration of the inmate's natural life."* (Emphasis added.)

The statute plainly states that the parole board shall order electronic monitoring as a condition of parole. K.S.A. 22-3717(u) does not also provide authority for a sentencing court to order electronic monitoring under these circumstances. Additionally, K.S.A. 21-4603d, which authorizes numerous dispositions for persons who have been found guilty of a crime, does not provide authority for a sentencing court to impose parole conditions.

We therefore conclude the district court incorrectly imposed electronic monitoring pursuant to K.S.A. 22-3717(u).

Sentence vacated and case remanded to the district court for resentencing.

CAPLINGER, J., assigned.