No. 103,781

STATE OF KANSAS, *Appellee*, v. KEVIN L. FLOYD, *Appellant*.

(249 P.3d 431)

Opinion filed March 18, 2011.

*Lydia Krebs*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, for appellee.

The opinion of the court was delivered by

BEIER, J.: This is a direct appeal from a sentence entered after an *Alford* plea in a Jessica's Law case. Defendant Kevin Floyd argues that the district court judge abused his discretion by giving him a 55-month rather than 36-month prison term.

## FACTUAL AND PROCEDURAL BACKGROUND

Floyd entered his plea to one count of aggravated indecent liberties with a child, a charge arising out of a November 2008 incident.

In exchange for the plea, the State agreed not to oppose Floyd's motion for a departure from a Jessica's Law life sentence with a mandatory minimum of 25 years. The State further agreed to "ask the court to impose the low # (anticipated to be 55 months) in the appropriate grid box for a severity 3 person felony." The 55-month term arose out of the grid's assignment for a severity level 3 crime of conviction and Floyd's acknowledged criminal history score of "I." The State also agreed that Floyd would be free to seek a prison term of 36 months.

Before sentencing, Floyd filed a motion for durational departure that did not specify the length of the term he sought. He argued the following facts constituted substantial and compelling reasons to depart: (1) the State's agreement to join in Floyd's departure request; (2) his conservation of considerable resources by waiver

of his right to a trial; (3) his lack of criminal history and his age; (4) his ability to seek sex offender treatment no longer available in prison at an earlier time; (5) the agreement of the victim's family that a life sentence would be inappropriate; (6) disproportionality between a life sentence and the crime; and (7) his emotional and neurological disorders.

At sentencing, the victim's father told the district judge that he believed "the whole situation was blown out of proportion by the District Attorney" and that the victim "seem[ed] to have no issues" after receiving counseling. Defense counsel repeated the reasons for departure stated in Floyd's motion—adding that Floyd had a traumatic past, would be vulnerable to other inmates, and was remorseful—and requested imposition of a 36-month prison term. The district judge inquired about the source of the 36 months: "So 36 is just a number that you feel appropriate. I don't see that you are trying to treat it as a particular grid box, as such." Defense counsel responded that she and the prosecutor "came to the understanding that [the prosecutor] was okay if I argued for 36 months" and that the defense would have sought probation if not for a recent statutory amendment disallowing downward dispositional departures in Jessica's Law cases. See K.S.A. 2008 Supp. 21-4719(a); L. 2008, ch. 183, sec. 7; *State v. Gracey*, 288 Kan. 252, 260, 200 P.3d 1275 (2009).

The district judge departed from the life sentence and mandatory minimum of Jessica's Law, indicating reliance upon Floyd's lack of criminal history; letters written supporting him; Floyd's mental health problems; the nature of the offense; the recommendations of the parties; and "the apparent harm to the victim being, at least it appears to be less than is normally associated with the crime of this nature." But the judge imposed a prison term of 55 months rather than 36 months. It is this decision about which Floyd complains by means of this appeal.

## ANALYSIS

K.S.A. 21-4643(d) authorizes a sentencing judge to depart from the life sentence and mandatory minimum of Jessica's Law: "[T]he sentencing judge shall impose the mandatory minimum term of

imprisonment . . . unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." If the sentencing judge departs, the departure sentence "shall be the sentence pursuant to the sentencing guidelines act, K.S.A. 21-4701 *et seq.*, and amendments thereto, and no sentence of a mandatory minimum term of imprisonment shall be imposed." K.S.A. 21-4643(d).

As construed by this court in *State v. Spencer*, 291 Kan. 796, 248 P.3d 256 (2011), the "sentence pursuant to the sentencing guidelines act" to which K.S.A. 21-4643(d) refers is a sentence on the nondrug sentencing guidelines grid. See *Spencer*, 291 Kan. at 822; see also *State v. Ballard*, 289 Kan. 1000, 1008, 218 P.3d 432 (2009) ("[I]n the presence of substantial and compelling reasons, the district court may impose a sentence pursuant to the sentencing guidelines"); *Gracey*, 288 Kan. at 259 (same). The offense severity level used to determine the grid box into which a defendant falls is that assigned to the crime of conviction when it lacks the element of disparity between the defendant's and the victim's ages. See *Spencer*, 291 Kan. at 827, 830.

For Floyd's crime of conviction, aggravated indecent liberties, severity level 3 is the level to be used to determine the grid box. This severity level, when considered with Floyd's criminal history score of I, leads to a sentencing range of 55 to 61 months in prison. K.S.A. 21-4704.

Up to this point in the analysis, Floyd has no quarrel with the district judge's choice of sentence. He asserts only that the judge should have departed a second time, specifically, that he should have agreed to a downward durational departure to 36 months from 55 months, the low number in the grid box.

Floyd is correct that, once a " 'sentence becomes a guidelines sentence, the district court is free to depart from the sentencing grid if it states on the record findings of fact and reasons justifying a departure that are supported by evidence in the record and are substantial and compelling.' " *Spencer*, 291 Kan. at 803 (quoting *Gracey*, 288 Kan. at 259).

But permission is not compulsion. A sentencing court also is free to deny such a departure; we will not reverse the decision unless we determine that the district court's findings of fact are unsupported by substantial competent evidence or that its consideration of mitigators and/or aggravators constituted an abuse of discretion. See *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008); compare *Spencer*, slip op. at 15 (discussing various standards of review applicable when grant of departure challenged on appeal; when question whether record supported sentencing judge's particular articulated reasons for departure, appellate standard of review substantial competent evidence; when question whether sentencing judge correctly concluded particular mitigating factors constituted substantial and compelling reasons to depart in particular case, including whether mitigating factors outweighed any aggravating factors if such balance necessary, appellate standard of review abuse of discretion).

In this case, Floyd is less than expansive on exactly what was wrong about the district court's refusal to grant a second departure. Floyd merely sets forth the same support he listed in his district court motion and then says only that these factors "should have forced the district court 'to leave the status quo' and 'go beyond what is ordinary[.' T]he district court erred in denying defense counsel's request for a downward durational departure to thirty-six months imprisonment."

We understand this to be an argument that the district judge abused his discretion in evaluating any mitigators and aggravators. Judicial discretion is abused when no reasonable person would take the view adopted by the district judge. *State v. Ernesti*, 291 Kan. 54, Syl. ¶ 10, 239 P.3d 40 (2010).

We agree with the State that Floyd fails to "present any specific arguments indicating why a 36-month sentence would have been more appropriate, let alone show that it was arbitrary, fanciful, or unreasonable for the court to follow the recommendation in the plea agreement and impose a 55-month sentence." Under these circumstances, we must affirm the 55-month prison sentence. A reasonable person could agree that Floyd received all the lenience he had coming to him when the district judge departed from the

usual Jessica's Law sentence of life with a 25-year mandatory minimum to 55 months.

Affirmed.