NOT DESIGNATED FOR PUBLICATION

No. 114,623

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROGER DANIEL MARLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; RON SVATY, judge. Opinion filed July 29, 2016. Affirmed.

*Ryan Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

*Per Curiam*:  Roger Daniel Marley appeals the denial of his motion to depart from an off-grid sentence to an on-grid sentence based upon his plea of no contest to one count of rape in violation of K.S.A. 2014 Supp. 21-5503(a)(3) and (b)(2). We find no abuse of discretion in the denial of his departure motion and affirm.

FACTS

Marley's victim was his daughter, K.M., who was 11 years old at the time. Sentencing was initially set for May 22, 2015. At the hearing, C.J. Pata, an investigator for the Department for Children and Families, presented a victim impact statement to the district court. According to Pata, K.M. had been raped, sodomized, forced to perform oral

1

and manual copulation, forced to watch pornography, and was repeatedly beaten and threatened by Marley. At sentencing, Marley moved for a dispositional departure to an on-grid sentence. Marley cited his limited criminal history, acceptance of responsibility, and sincere remorse for his actions as factors supporting the departure. The district court asked Marley about the allegations in the victim impact statement. Marley denied many of the allegations but admitted to touching his daughter. Based on Marley's attorney's motion, the district court continued the May 22, 2015, hearing. However, before concluding the hearing, the district court stated:

> "I cannot honor a departure if he did what his daughter said he did . . . if what his daughter said happened, I don't think it's in his daughter's best interest for me to say, oh, this guy, we'll just put him in prison for 176 months, and he'll be lifetime registration. I don't think that's in her best interest if that's what happened, and he's sitting here saying it didn't happen."

Additionally, the district court stated:

> "We'll come back here June 12th, and you know I'm not honoring any departure thing. You're going to prison for life if we stick with where we're at, because I don't care what you say you did, okay. And that way, if you want to withdraw your plea, I'll let you."

After the May 22, 2015, hearing, Marley's attorney, Robert A. Anderson, Sr., was allowed to withdraw and Paul Oller was court appointed to take over as Marley's attorney. Sentencing finally occurred on July 20, 2015. Marley advised the district court he did not want to withdraw his plea and was ready to proceed with sentencing. The district court gave Marley his opportunity for allocution and to present mitigating evidence. Marley generally stated he was sorry but did not acknowledge or give details of any specific acts he committed. The district court denied Marley's departure motion, sentencing him to lifetime imprisonment with a mandatory minimum term of imprisonment of not less than 25 years. The district court stated:  "[T]his is my second time actually facing this decision, and the first time I basically told the defendant I wasn't

going to go grid, and I don't think my mind's changed." The district court did not make any specific findings on the record regarding the factors cited in Marley's departure motion.

Marley timely appealed.

ANALYSIS

*No Abuse of Discretion to Deny Marley's Motion for a Dispositional Departure*

*Standard of Review*

An appellate court will not reverse a sentencing court's denial of a departure motion under Jessica's Law unless the sentencing court's findings of fact are not supported by substantial competent evidence or the sentencing court abused its discretion in considering the mitigating and/or aggravating circumstances. *State v. Floyd*, 291 Kan. 859, 862, 249 P.3d 431 (2011). When the defendant does not contend the trial court made an error of law or fact, the appellate court's standard of review is whether no reasonable person would have agreed with the judge's decision in light of the aggravating and mitigating factors found by the judge. *State v. Florentin*, 297 Kan. 594, 599, 303 P.3d 263 (2013). The trial court is not required to make findings or state its reasons when denying a departure request under Jessica's Law. *State v. Dull*, 298 Kan. 832, 842, 317 P.3d 104 (2014).

*Discussion*

Marley argues the district court abused its discretion by denying his departure motion. An abuse of discretion occurs where a judicial action is: (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Under K.S.A. 2015 Supp. 21-6627,

3

commonly referred to as Jessica's Law, a first-time offender convicted of rape in violation of K.S.A. 2015 Supp. 21-5503(a)(3) must be sentenced to lifetime imprisonment with a mandatory minimum term of imprisonment of not less than 25 years. A lesser sentence cannot be imposed unless the sentencing court finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure. *State v. Floyd*, 296 Kan. 685, 687, 294 P.3d 318 (2013).

K.S.A. 2015 Supp. 21-6627(d)(2) provides a nonexclusive list of mitigating circumstances the sentencing court may consider. There is no formula for the analysis of these factors. The statutory factors do not constitute per se substantial and compelling reasons for a departure sentence. *State v. Ortega-Cadelan*, 287 Kan. 157, 165, 194 P.3d 1195 (2008). Marley cites to only one of these statutory factors—his limited criminal history. The list is nonexclusive, however, so a sentencing court may consider nonstatutory factors as long as they are consistent with the principles underlying the Kansas Sentencing Guidelines Act. *State v. Blackmon*, 285 Kan. 719, 725, 176 P.3d 160 (2008). Marley further asserts his no contest plea to the charge reflects sincere remorse and acceptance of responsibility as nonstatutory mitigating factors.

Marley errs in arguing that his plea of no contest constitutes an acceptance of responsibility. A no contest plea is a plea where the defendant does not expressly admit his or her guilt to the charge. *State v. Case*, 289 Kan. 457, 461, 213 P.3d 429 (2009). Marley's plea of no contest does not, as a matter of law, constitute an acceptance of responsibility. See K.S.A. 22-3209(2); *Case*, 289 Kan. at 461. Marley expressly denied the bulk of the accusations against him as detailed in the victim impact statement.

Marley's sincere remorse for his actions is not a factor this court can properly assess. Whether Marley showed sincere remorse raises a question of his credibility and demeanor, which is a question exclusively for the trial court to determine. See *State v. Ruden*, 245 Kan. 95, 106, 774 P.2d 972 (1989).

A reasonable factfinder could conclude Marley's motion for departure was insufficient as it lacked substantial and compelling mitigating factors to grant his departure motion to a grid sentence. While the district court did not make an explicit finding on the record as to the factors Marley cited in his departure motion, the district court stated its reasons for finding a departure was inappropriate. In any case, a specific on-the-record explanation was not required. See *Dull*, 298 Kan. at 842. Based on the record before us, we cannot find a reasonable person would disagree with the district court's decision to deny Marley's motion to depart to a grid sentence. We find no abuse of discretion and affirm.

Affirmed.