NOT DESIGNATED FOR PUBLICATION

No. 117,976

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTIAN J. MCCORMICK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed June 29, 2018. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Kerwin L. Spencer*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

PER CURIAM:  Once the court has granted a departure from the Jessica's Law mandatory minimum sentence to the Kansas Sentencing Guidelines Act (KSGA) sentencing grid, the court can grant another departure from the guideline sentence—either dispositional or durational. *State v. Jolly*, 291 Kan. 842, 847, 249 P.3d 421 (2011) (*Jolly I*). Each decision to grant or deny a departure is reviewed by this court for abuse of discretion. *State v. Floyd*, 291 Kan. 859, 861-62, 249 P.3d 431 (2011).

Christian J. McCormick was convicted of rape and sentenced under the Jessica's Law sentencing scheme. McCormick moved for a departure from the mandatory

1

minimum under Jessica's Law, requesting that he be sentenced instead under the KSGA sentencing grid. He then requested a second durational departure from the guideline sentence. The district court granted McCormick's motion for a departure from the mandatory minimum to the KSGA sentencing grid, but it denied the motion for a departure from the guideline sentence. McCormick appeals, impliedly arguing that if the district court finds substantial and compelling reasons to depart from the Jessica's Law mandatory minimums to the KSGA sentencing grid, those same substantial and compelling reasons must support a departure from the guideline sentence. McCormick argues that the district court abused its discretion by denying his motion to depart from the guideline sentence.

FACTUAL AND PROCEDURAL HISTORY

The underlying facts of this case are set out in *State v. McCormick*, 305 Kan. 43, 44-46, 378 P.3d 543 (2016). In short, McCormick, who was 19 at the time, had a party in his basement with another 19-year-old man and two 13-year-old girls. Alcohol was free flowing and while one of the girls was incapacitated from her alcohol consumption, McCormick raped her. He subsequently cooperated with police and admitted having sexual intercourse with the girl, which was supported by recovered DNA evidence.

McCormick appealed his convictions and sentence, and the Kansas Supreme Court upheld his convictions but vacated his sentence because the district court improperly referred to an "'aggravating factor'" when it sentenced McCormick. *McCormick*, 305 Kan. at 50-51. The court remanded for resentencing. Which brings us to the case now before us.

At resentencing, McCormick renewed the motion he made in his initial sentencing for departure from his Jessica's Law mandatory minimum sentence to the KSGA sentencing grid and then for a second durational departure to 50% of the guideline

2

sentence. After reviewing the mitigating factors and the circumstances of the crime the district court granted McCormick a departure from the mandatory minimum but denied McCormick's motion to depart to 50% of the guideline sentence on the rape conviction. The district court sentenced McCormick to 155 months' imprisonment for the rape with an additional 12-month sentence, to be served concurrently, for the unlawful hosting minors consuming alcohol conviction. McCormick again appeals his sentence.

ANALYSIS

McCormick argues the district court erred by failing to reduce his sentence to half of the KSGA sentencing grid sentence after the court had already reduced his sentence from an off-grid sentence to a KSGA sentencing grid sentence. The State characterizes McCormick's argument as impliedly stating that if substantial and compelling reasons exist to depart from a Jessica's Law sentence to the KSGA sentencing grid, those factors must support a departure from the guideline sentence as well.

We agree with the State that while McCormick does not specifically make this two for one argument, it can certainly be implied from McCormick's brief due to his reliance on *State v. Spencer*, 291 Kan. 796, 809-10, 248 P.3d 256 (2011) (court free to use the same mitigating factors to justify both a departure from life sentence and from guidelines sentence). Therefore, the first question here is if mitigating factors exist to support a departure from the mandatory minimum off-grid sentence to the KSGA sentencing grid, must those same factors also support a departure from the standard KSGA guideline sentence? If the answer to that question is no, this court must decide whether the district court abused its discretion by denying McCormick's motion to depart from the KSGA guideline sentence.

3

*Standard of Review*

An appellate court reviews the district court's decision to grant or deny a departure motion for abuse of discretion. *Floyd*, 291 Kan. at 861-62. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

*Discussion*

*A district court does not abuse its discretion when it grants a defendant's motion to depart from the mandatory minimum sentence under Jessica's Law to the KSGA sentencing grid, but then denies the motion to depart from the KSGA guideline sentence.*

As a result of his rape conviction, McCormick was subject, under Jessica's Law, to "a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years." K.S.A. 2012 Supp. 21-6627(a). But the district court could depart from that sentence and impose a sentence under the KSGA sentencing grid if "the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2012 Supp. 21-6627(d)(1). The judge must state "on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 2012 Supp. 21-6627(d)(1).

Mitigating circumstances the court could consider include, but are not limited to, whether:

> "(A) The defendant has no significant history of prior criminal activity;

4

"(B) the crime was committed while the defendant was under the influence of extreme mental or emotional disturbances;

"(C) the victim was an accomplice in the crime committed by another person, and the defendant's participation was relatively minor;

"(D) the defendant acted under extreme distress or under the substantial domination of another person;

"(E) the capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired; and

"(F) the age of the defendant at the time of the crime." K.S.A. 2012 Supp. 21-6627(d)(2).

A mitigating circumstance is substantial when it is "'something that is real, not imagined; something with substance and not ephemeral.'" *State v. Jolly*, 301 Kan. 313, 323, 342 P.3d 935 (2015) (*Jolly II*). To be compelling a mitigating circumstance essentially forces the court, based on the facts of the case, to "'leave the status quo or go beyond what is ordinary.'" 301 Kan. at 323.

Once the court has granted a departure to the sentence mandated by the KSGA sentencing grid, the court can grant another departure from the guideline sentence. *Jolly I*, 291 Kan. at 847. To depart from the guideline sentence the district court must again find "substantial and compelling reasons to impose a departure sentence." K.S.A. 2012 Supp. 21-6815(a). The district court considers a nonexclusive list of factors to determine if a departure from the guideline sentence is appropriate. K.S.A. 2012 Supp. 21-6815(c)(1). If the district court decides that a departure from the guideline sentence is appropriate, certain limitations are imposed. Pertinent to this case, the district court could not grant McCormick a "downward durational departure sentence . . . to less than 50% of the

5

center of the range of the sentence for such crime." K.S.A. 2012 Supp. 21-6818(a). The district court is free to use the same mitigating factors it used to depart from the mandatory minimum in Jessica's Law to the KSGA sentencing grid when determining whether to depart from the guideline sentence. See *Spencer*, 291 Kan. at 810.

But just because the district court is free to use the same mitigating factors to determine whether to depart from the KSGA guideline sentence does not mean that the court automatically abuses its discretion when it decides to deny a secondary departure. In fact, such a holding would contradict the holding in *Jolly I* and the statutory scheme surrounding departure sentencing. See K.S.A. 2012 Supp. 21-6627(d)(1); K.S.A. 2012 Supp. 21-6815(a); *Jolly I*, 291 Kan. at 847. *Jolly I* notes that a departure from a Jessica's Law sentence to the KSGA sentencing grid and then from the guideline sentence requires the district court to take two distinct steps. Those steps must be followed. 291 Kan. at 847. To grant a departure from the Jessica's Law mandatory minimum to the KSGA sentencing grid, the district court must review the mitigating circumstances and consider the facts of the case. If the court determines the mitigating circumstances are substantial and compelling reasons to depart from the mandatory minimum, it must state so on the record. K.S.A. 2012 Supp. 21-6627(d)(1); *Jolly II*, 301 Kan. at 324. Under the statutes, to grant another departure from the guideline sentence, the district court must then consider the mitigating factors again. K.S.A. 2012 Supp. 21-6815(c)(1). And once again those mitigating factors must be substantial and compelling reasons to depart from the guidelines. K.S.A. 2012 Supp. 21-6815(a).

If McCormick's argument is correct, there would be no need for a two-step process. Instead, if a district court found substantial and compelling reasons to depart from the Jessica's Law sentence, the court would necessarily have to grant whatever secondary departure was requested—in this case to 50% of the guideline sentence. Such a situation does not mesh with Kansas statutes and caselaw which require a second weighing of the factors. See K.S.A. 2012 Supp. 21-6627(d)(1); K.S.A. 2012 Supp. 21-

6

6815(c)(1); *Jolly I*, 291 Kan. at 847. While the factors that supported a departure from the mandatory minimum of Jessica's Law to the KSGA sentencing grid may support a departure from the guideline sentence, the district court is not required to find that they do. Accordingly, we find McCormick's argument unpersuasive.

*The district court did not abuse its discretion when it denied McCormick's motion to depart from the KSGA guideline sentence.*

The remaining question is whether the district court abused its discretion when it denied McCormick's motion to depart from the KSGA guideline sentence. The determination of whether the factors support the first departure, but not the second, is within the district court's discretion. *Floyd*, 291 Kan. at 861-62.

McCormick argued to the district court that it should depart from the guideline sentence because: (1) he lacked prior criminal history; (2) his victim willingly, if not legally, participated; (3) he lacked capacity due to alcohol consumption; (4) he was 19 at the time of the offense; (5) his status as a "model inmate"; and (6) his codefendant did not receive a prison sentence, leading to a disparate sentence. At the hearing on the motion McCormick also informed the court that he had been attending bible study classes and that his sex offender evaluation showed that he was a low risk of reoffending.

The district court found that McCormick's age at the time, lack of criminal history, good behavior in custody, sex offender treatment, the victim's age at the time, and his codefendant's sentence were substantial and compelling reasons to depart from the Jessica's Law mandatory minimum to the KSGA sentencing grid. But the district court did not find those reasons substantial and compelling enough for a durational departure from the guideline sentence.

7

Kansas caselaw supports the district court's denial of McCormick's secondary departure. See, e.g., *State v. Forentin*, 297 Kan. 594, 600-03, 303 P.3d 263 (2013) (upholding denial of departure where defendant cited his lack of significant criminal history, young age, the victim's willing participation, lack of harm to victim, and low chance of reoffending), *disapproved of on other grounds by Jolly II*, 301 Kan. at 322; *State v. Beaman*, 295 Kan. 853, 865-67, 286 P.3d 876 (2012) (upholding denial of departure motion where defendant was, among other factors, well-behaved during pendency of trial and was willing to participate in sex offender treatment), *disapproved of on other grounds by Jolly II*, 301 Kan. at 322.

McCormick fails to show that the district court abused its discretion in denying his motion to depart from the guideline sentence. It was not unreasonable for the district court to choose to grant the first departure and deny the second. The district court considered the mitigating factors cited by McCormick and found that they warranted a departure from the mandatory minimum sentence required under Jessica's Law to the KSGA sentencing grid. However, the court did not find that those factors warranted another departure to half of the guideline sentence. McCormick does not contend that the district court committed an error of law or fact. And, we cannot conclude that no reasonable person would take the view adopted by the district court. See *Marshall*, 303 Kan. at 445. Accordingly, we affirm McCormick's sentence.

Affirmed.