NOT DESIGNATED FOR PUBLICATION

No. 118,103

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON WAYNE HARDEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed June 29, 2018. Sentence vacated and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

PER CURIAM: When deciding whether to depart from a Jessica's Law mandatory minimum sentence and instead sentence a defendant under the Kansas Sentencing Guidelines Act (KSGA) sentencing grid, the district court can consider the defendant's lack of significant criminal history. In this case, Jason Wayne Harden was convicted of one count of aggravated indecent liberties with a child, an off-grid felony, and indecent solicitation, a severity level 6 person felony. Harden and the State filed a joint motion for departure from the off-grid mandatory minimum sentence to a KSGA guideline sentence. The motion listed Harden's limited and unrelated criminal history as a mitigating

1

circumstance. The district court denied the departure motion on the basis that lack of a significant criminal history was not a departure factor the court could consider. Harden appeals.

Harden, the State, and this court all agree that the district judge committed an error of law and his sentencing decision must be vacated and the case remanded for resentencing. Although criminal history has already been taken into account when considering a sentence pursuant to the KSGA sentencing grid, this was an off-grid crime. Lack of a significant criminal history is a mitigating factor for the court to consider in deciding whether there are substantial and compelling reasons to depart to the KSGA sentencing grid.

FACTUAL AND PROCEDURAL HISTORY

The State charged Harden with one count of aggravated criminal sodomy, an off-grid person felony, and one count of indecent solicitation of a child, a severity level 6 person felony. Following a mistrial, Harden entered an *Alford* plea of guilty to both charges. The plea agreement stipulated that

> "there exist substantial and compelling reasons for the Court to depart to a grid sentence under the Kansas Sentencing Guidelines Act, and the parties agree such departure should be to Severity Level 3, and that the defendant be sentenced to a term of imprisonment for the aggravated term for his applicable criminal history, which the parties believe to be Category G, 77 months, and that this sentence be consecutive to Count II for a controlling term of 96 months."

The agreement noted that the district court was not bound by the sentencing recommendation.

2

The parties filed a joint motion for departure from the mandatory minimum of Jessica's Law cases to the KSGA sentencing grid. The motion listed Harden's limited criminal history and the State's and victim's agreement as substantial and compelling mitigating factors that justified a departure to a guideline sentence.

The sentencing hearing occurred and the parties requested the plea agreement be followed. The district court considered Harden's limited criminal history as a mitigating factor. The court stated:

> "I am quite sure that the State is aware that other representatives of the same State's office have argued that simply the fact that an individual doesn't have much of a criminal history classification or doesn't have a severe classification is not a departure factor to be utilized under what is commonly referred to as the *Theurer* [*State v. Theurer,* 50 Kan. App. 2d 1203, 337 P.3d 725 (2014)] decision of our court of appeals.

> "In any event, however, the question is whether the two factors that have been cited to me are substantial and compelling reasons using the definitions of those two terms as mandated by our appellate courts. The first cited reason or cited departure factor is the limited criminal history classification and that his prior convictions are wholly unrelated to his current offenses. Mr. Harden has on his record two prior nonperson felony convictions; however, they date over a significant period of time. Now, while they may not be convictions of any type of sex offense, they do obviously indicate that Mr. Harden's being placed on parole or probation for the terms of those offenses [was] not effective in preventing the occurrence in this case; therefore—and given the fact that I think those offenses are taken into consideration by our legislature in determining the criminal history classifications in use of our sentencing grid, I don't think that's a substantial or compelling independent factor."

After considering the other factors Harden listed, the court denied the motion for a departure from the mandatory minimum sentence to the KSGA sentencing grid.

3

The court sentenced Harden to life imprisonment without possibility of parole for 25 years for aggravated indecent liberties with a child and 27 months for indecent solicitation of a child, with the sentences to run consecutively. Harden appeals the sentence.

ANALYSIS

Harden argues that the district court abused its discretion because it made a legal error by failing to properly consider Harden's limited prior criminal history as a mitigating factor. The State agrees with Harden and so do we.

*Standard of Review*

An appellate court reviews the district court's decision to grant or deny a departure motion for abuse of discretion. *State v. Floyd*, 291 Kan. 859, 861-62, 249 P.3d 431 (2011). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

*Discussion*

As a result of his aggravated indecent liberties with a child conviction, Harden was subject, under Jessica's Law, to "a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years." K.S.A. 2017 Supp. 21-6627(a). But the district court could depart from that sentence if "the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2017 Supp. 21-6627(d)(1). If the judge chooses to depart from the mandatory minimum, the sentence "shall be the sentence pursuant to the revised

4

Kansas sentencing guidelines act . . . and . . . no sentence of a mandatory minimum term of imprisonment shall be imposed." K.S.A. 2017 Supp. 21-6627(d)(1).

Mitigating circumstances the court could consider includes whether: "The defendant has no significant history of prior criminal activity." K.S.A. 2017 Supp. 21-6627(d)(2)(A). A mitigating circumstance is substantial when it is "'something that is real, not imagined; something with substance and not ephemeral.'" *State v. Jolly*, 301 Kan. 313, 323, 342 P.3d 935 (2015). To be compelling a mitigating circumstance essentially forces the court, based on the facts of the case, to "'leave the status quo or go beyond what is ordinary.'" 301 Kan. at 323. Moreover, the judge must state "on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 2017 Supp. 21-6627(d)(1).

In this case the district court did not seem to consider whether Harden's limited criminal history was a substantial and compelling reason to depart from the mandatory minimum sentence. The district court believed that prior criminal history was already considered by the Legislature "in determining the criminal history classifications in use of our sentencing grid." While the court's statement is correct, it is not applicable to the current case because Harden's crime was an *off-grid* felony. The guidelines did not apply to the sentence unless the sentencing court decided to first depart from the mandatory off-grid minimum sentence to the KSGA sentencing grid. See K.S.A. 2017 Supp. 21-6627(d)(1).

Accordingly, the district court's statement that the Legislature already considered criminal history was an error of law. Due to the error of law, the district court's decision was an abuse of discretion. See *Marshall*, 303 Kan. at 445. Because of the error we are compelled to vacate the sentence and remand the case with direction that the district court properly consider Harden's criminal history as a mitigating factor.

On remand, the district court must consider whether the mitigating factors cited by the parties are substantial and compelling enough to warrant a departure from the mandatory minimum sentence. See *Jolly*, 301 Kan. at 326-27 (holding lack of criminal history is a mitigating factor to be considered). Just because a mitigating factor exists does not mean that the factor is a substantial and compelling reason to depart. But "a single mitigating factor can be substantial and compelling enough to grant a departure from Jessica's Law." 301 Kan. at 327. Whether this factor, combined with the others raised by Harden, are substantial and compelling is not an issue for this court to decide at this point. We reach no conclusion on the matter. The decision will be up to the district court on remand.

Sentence vacated and case remanded with directions.