NOT DESIGNATED FOR PUBLICATION

No. 120,706

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FREDDY LIGONS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed November 27, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Freddy J. Ligons appeals his sentence following his convictions of three counts of rape. We granted Ligons' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Finding no error, we affirm Ligons' sentence.

FACTUAL AND PROCEDURAL HISTORY

Ligons entered a no-contest plea to three counts of rape, which are off-grid felonies. Before sentencing, Ligons moved for a durational departure. In his motion, Ligons contended that he was diagnosed with "an unspecified neurocognitive disorder and borderline intellectual functioning" and would benefit from various treatment

1

programs. At the sentencing hearing, the State requested the district court impose a concurrent hard 25 life sentence on all three counts. Ligons requested the district court depart to the grid and to grant a further durational departure to the mid-box number of 77 months.

The district court granted the departure to the grid and sentenced Ligons to 155 months on each of the three counts. The district court ordered counts two and three to run concurrent with each other, but consecutive to count one, for a total prison term of 310 months, rather than the three concurrent life sentences requested by the State. The district court denied any further departure. Ligons timely appealed.

ANALYSIS

On appeal, Ligons claims the district court abused its discretion in denying his request for a further departure from the grid. Ligons contends "that because there were substantial and compelling reasons to depart from Jessica's Law, there were necessarily substantial and compelling reasons to grant a further departure."

The Kansas Supreme Court has held that once a court has granted a departure from the Jessica's Law mandatory minimum sentence to the sentencing grid, the court can grant another departure from the guideline sentence. *State v. Jolly*, 291 Kan. 842, 847, 249 P.3d 421 (2011). That said, we recently rejected the same argument Ligons makes here in *State v. McCormick*, No. 117,976, 2018 WL 3194349, at *3 (Kan. App.) (unpublished opinion), *rev. denied* 309 Kan. 1352 (2018), and held that "just because the district court is free to use the same mitigating factors to determine whether to depart from the KSGA guideline sentence does not mean that the court automatically abuses its discretion when it decides to deny a secondary departure."

Determining whether departure factors support a first departure, but not a second, is within the district court's discretion. See *State v. Floyd*, 291 Kan. 859, 861-62, 249 P.3d 431 (2011). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Here, the district court found there was a substantial and compelling reason to depart from the Jessica's Law mandatory minimum to the KSGA sentencing grid because Ligons had '"no significant history of criminal activity."' While that reason may have been sufficient for the district court to depart to the grid, the district court found there were no other substantial and compelling reasons to justify a further departure.

It was not unreasonable for the district court to grant the first departure and deny the second. The district court considered the mitigating factors and found they only warranted a departure to the sentencing grid. Ligons does not contend the district court committed an error of law or fact. And we cannot conclude that no reasonable person would take the view adopted by the district court. See *Marshall*, 303 Kan. at 445. For these reasons, we affirm Ligons' sentence.

Affirmed.