No. 103,229

STATE OF KANSAS, *Appellee*, v. JEFFREY W. STIMEC, *Appellant*.

(298 P.3d 354)

Opinion filed April 19, 2013.

*Michelle Davis*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Jennifer L. Myers*, assistant district attorney, argued the cause, and *Robbin L. Wasson*, assistant district attorney, *Jerome Gorman*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: Jeffrey Stimec appeals his jury conviction of two counts of aggravated indecent liberties with a child, arguing the prosecutor committed misconduct during rebuttal closing argument by encouraging the jury to return to the jury room and take a poll to determine whether any of them had engaged in conduct similar to the allegations against Stimec. Stimec also asserts other allegations of prosecutorial misconduct and argues his sentence

was illegally imposed under Jessica's Law, K.S.A. 2006 Supp. 21-4643.

Because we hold today that the prosecutor's statements during rebuttal constituted misconduct and deprived Stimec of a fair trial, we do not reach Stimec's remaining allegations of prosecutorial misconduct or his sentencing claims. Accordingly, we reverse his convictions and remand this case for a new trial.

## ANALYSIS

Our review of an allegation of prosecutorial misconduct involving improper comments to the jury requires a two-step analysis. First, we decide whether the comments were outside the wide latitude allowed the prosecutor in discussing the evidence. Second, if misconduct is found, we must determine whether the improper comments constitute plain error; that is, whether the statements prejudiced the jury against the defendant and denied the defendant a fair trial. *State v. Naputi*, 293 Kan. 55, 58, 260 P.3d 86 (2011). In the second step of the two-step analysis, the appellate court considers three factors: "(1) whether the misconduct was gross and flagrant, (2) whether the misconduct showed ill will on the prosecutor's part, and (3) whether the evidence was of such a direct and overwhelming nature that the misconduct would likely have had little weight in the minds of jurors." *State v. Raskie*, 293 Kan. 906, 914, 269 P.3d 1268 (2012).

Further, we have held that none of these three factors is individually controlling and before the third factor can override the first two factors, we

" ' "must be able to say that the harmlessness tests of both K.S.A. 60-261 . . . and *Chapman v. California*, 386 U.S. 18, [22,] 17 L. Ed. 2d 705, 87 S. Ct. 824 (1967) . . . , have been met." [Citation omitted.]' *State v. McCaslin*, 291 Kan. 697, 715-16, 245 P.3d 1030 (2011). The basic test asks whether the error affected the defendant's substantial rights, meaning whether the error affected the outcome of the trial." *State v. Smith*, 296 Kan. 111, 130, 293 P.3d 669 (2012).

Stimec challenges three statements made by the prosecutor during closing argument. Because we hold that the statements made during rebuttal, standing alone, were so prejudicial as to require

reversal, we will not address the propriety of the remaining statements.

At trial, the State presented evidence that Stimec's 6-year-old son, J.S., spent every other weekend with Stimec, and when he returned home one weekend, J.S. told his mother he slept naked with Stimec and Stimec and J.S. put lotion on each other, including on each other's private parts.

J.S.'s mother and stepfather reported J.S.'s statements to the police. A forensic examiner interviewed J.S., and a tape of the interview was played at trial. During the interview, J.S. said Stimec frequently rubbed lotion all over J.S. and sometimes J.S. rubbed lotion all over Stimec. J.S. also reported that Stimec sometimes said, "[I]t feels good" and, "Oh yeah," as this conduct was occurring.

Stimec testified he put lotion on his son but never in inappropriate places. Consistent with this testimony, in closing argument Stimec's counsel suggested "[m]ost people that have kids probably put lotion on them, sunscreen, after a bath, whatever, but for him to put lotion on his son's back after a bath isn't a crime." In rebuttal argument, the prosecutor responded:

"It is not illegal to put lotion on a child's back. It is not illegal to put it on their ankles, knees, shoulders, head, anywhere else. None of that is a crime, absolutely, but it is a crime to stroke your son's penis with lotion. I mean, let's just call it what it is, okay, that's a crime. You know what, feel free to take a poll in the jury room when you go to deliberate, take a poll. If there is one member of this panel who has stroked their son's penis with lotion, then by all means, find that way. I suspect that won't be the case."

Stimec contends that with these comments, the prosecutor improperly appealed to the passions and prejudices of the jurors and distracted the jury from its role as factfinder. Further, he contends the prosecutor's comments "sent the message that any jurors who voted not guilty may have engaged in this conduct themselves."

This court has repeatedly emphasized that it is improper for a prosecutor to comment on facts not in evidence, to divert the jury's attention from its role as factfinder, or to make comments that serve no purpose other than to inflame the passions and prejudices of the jury. See, *e.g.*, *State v. Hall*, 292 Kan. 841, 848, 257 P.3d

272 (2011) (citing cases holding prosecutors commit misconduct by commenting on facts outside of evidence); *State v. Baker*, 281 Kan. 997, 1016, 135 P.3d 1098 (2006) (reaffirming that prosecutors are not permitted to make statements that inflame the passions or prejudices of the jury or distract the jury from its duty to make decisions based on evidence and controlling law); *State v. Villanueva*, 274 Kan. 20, 33-36, 49 P.3d 481 (2002) (finding prosecutor committed misconduct by suggesting rape victims essentially would be raped a second time through questions and arguments at trial related to victim's credibility); *State v. Henry*, 273 Kan. 608, 640-41, 44 P.3d 466 (2002) (finding prosecutor committed reversible misconduct when prosecutor urged the jury to consider how the victim's mother must have felt on Mother's Day); see also *State v. Majors*, 182 Kan. 644, 648, 323 P.2d 917 (1958) ("Although an attorney may indulge in impassioned bursts of oratory or may use picturesque language as long as he introduces no facts not disclosed by the evidence, he is bound to remember that he is an officer of the court, that his liberty of argument must not degenerate into license, and that he should always be decorous in his remarks to the extent that they do not impair administration of justice.").

Here, the prosecutor's suggestion that the jury return to the jury room and take a poll to determine whether any of them had "stroked their son's penis with lotion" may well have been facetious, or "tongue in cheek." Nevertheless, the comments were highly improper for several reasons, including that they: (1) appealed to the passions and prejudices of the jury; (2) diverted the jury's attention from the facts of the case, explicitly inviting the jury to consider facts outside the record; (3) implicitly commented on Stimec's credibility; (4) misstated the evidence by suggesting Stimec "stroked" his son's penis when in fact, the victim's statements and testimony did not utilize this phrase; and (5) potentially exposed individual jurors to ridicule by their colleagues, decreasing the likelihood any juror would argue for acquittal. Under these circumstances, we have no hesitancy in concluding the prosecutor's statements were inappropriate and in error.

Citing *State v. Baker*, 249 Kan. 431, 819 P.2d 1173 (1991), the State responds to the allegations of misconduct by suggesting the

prosecutor's comments were provoked by Stimec's counsel's closing argument and thus were not improper. But in *State v. Marshall*, 294 Kan. 850, 858-61, 281 P.3d 1112 (2012), we disavowed any language in our previous cases indicating that defense provocation can justify prosecutorial misconduct: "[W]e hold that a prosecutor's improper comment or argument can be prejudicial, even if the misconduct was extemporaneous and made under the stress of rebutting argument made by defense counsel." 294 Kan. at 861. In short, defendants do not open the door to prosecutorial misconduct. See *State v. Manning*, 270 Kan. 674, 697, 19 P.3d 84 (2001), *disapproved of on other grounds by State v. King*, 288 Kan. 333, 204 P.3d 585 (2009).

Further, as the party benefiting from the effect of the improper comments, the State has failed to even argue that the comments did not prejudice the jury against Stimec or deny him a fair trial. See *State v. Brown*, 295 Kan. 181, 214, 284 P.3d 977 (2012) (providing that as to prosecutorial misconduct, the State is burdened with demonstrating "there is no reasonable possibility the error affected the verdict"). Significantly, the prosecutor's inappropriate comments in this case went directly to the heart of the issue the jury was asked to decide—who was telling the truth as to the nature and extent of Stimec's actions, Stimec or his son?

Under these circumstances, we conclude the prosecutor's statements here were so patently egregious and prejudicial as to deny Stimec a fair trial, requiring that we vacate his convictions and remand for a new trial.

Reversed and remanded.