NOT DESIGNATED FOR PUBLICATION

No. 117,182

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID MCCAUGHTRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed April 6, 2018. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Christine M.T. Ladner*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

PER CURIAM: David McCaughtry appeals the trial court's judgment denying his motion to depart from his Jessica's Law sentence to a grid sentence. On appeal, he contends that the prosecutor committed reversible error when the prosecutor argued against his motion with facts not in evidence. Although we agree that the prosecutor committed error when she failed to limit her comments to the evidence or record and the inferences that may reasonably be drawn from it, we conclude that the error was harmless.

1

David Alan McCaughtry pled no contest to one count of rape, an off-grid crime. His victim was B.M.M., his 5-year-old daughter and 14th biological child. McCaughtry's parental rights to his 13 other children were terminated before B.M.M. was born.

The plea agreement did not include a recommendation on sentencing. McCaughtry moved for departure to a grid sentence because the case was resolved by a plea and B.M.M. was not required to testify. McCaughtry further sought a durational departure from a grid sentence under *State v. Jolly*, 291 Kan. 842, 249 P.3d 421 (2011). McCaughtry argued that his age, that he did not have any prior sexual convictions, and that he was disabled were substantial and compelling reasons to depart.

The State responded, indicating that B.M.M. was severely traumatized. It contended that B.M.M. not having to testify was not a substantial and compelling reason to depart. The State also alleged that McCaughtry's other children disclosed he previously sexually abused his other daughters. Citing *State v. Spencer*, 291 Kan. 796, 248 P.3d 256 (2011), the State argued that McCaughtry's age and disability were not substantial and compelling reasons to depart.

At sentencing, McCaughtry objected to the presentence investigation (PSI) report because the victim impact statements made other accusations and it did not come from the victim in this case. The trial court stated that it would focus on McCaughtry's current conviction for one count of rape and noted that McCaughtry had not been convicted of a sex offense in the past.

Amy Meek, B.M.M.'s therapist, testified at sentencing. She indicated B.M.M. had posttraumatic stress disorder from her history of sexual abuse. Meek testified that B.M.M. was one of the top five most traumatized children she had ever seen.

2

The trial court then heard argument on McCaughtry's departure motion. McCaughtry argued that the trial court should depart because he waived his preliminary hearing and pled so the victim would not have to testify. He also argued that he did not have any prior sexual convictions, was 55 years old, and was disabled. McCaughtry also took issue with the State's allegations of previous sexual abuse because there had been no litigation or conviction of those allegations.

The State, however, argued that just because B.M.M. did not have to testify, this should not be considered a substantial and compelling reason to depart since she was already traumatized. The State also acknowledged McCaughtry did not have any prior convictions for sexually motivated crimes. Nevertheless, the prosecutor continued with the following argument:

> "[T]he state of law in Kansas about what would have been appropriately admissible [K.S.A.] 60-455 evidence in this case is enormous, not just because of quality, the kind of sexual contact that he committed on other people, but because of the relationship of who those other victims were to him. . . .
>
>   ". . . From the State's point of view, that would have been appropriately admissible [K.S.A.] 60-455 evidence on the issue of propensity to molest children. And so in response to he does not have any prior sexual convictions, that is true, but the proffer of what his sexual history would be, from the State's point of view, that should not be considered a substantial and compelling reason to depart."

The State concluded by noting *Spencer* held advanced age was not a substantial reason to depart. It asked the trial court to deny McCaughtry's departure motion.

The trial court denied the departure motion and sentenced McCaughtry to life imprisonment without the possibility of parole for at least 25 years.

3

On appeal, McCaughtry argues that the State committed prosecutorial error in arguing against his departure motion. This court has previously addressed claims of prosecutorial error at sentencing. *State v. Serrano-Garcia*, No. 103,651, 2011 WL 4357804 (Kan. App. 2011) (unpublished opinion); *State v. Roland*, No. 101,879, 2010 WL 1078454 (Kan. App. 2010) (unpublished opinion). The appellate court uses a two-step process to evaluate claims of prosecutorial error:

> "These two steps can and should be simply described as error and prejudice. To determine whether prosecutorial error has occurred, the appellate court must decide whether the prosecutorial acts complained of fall outside the wide latitude afforded prosecutors to conduct the State's case and attempt to obtain a conviction in a manner that does not offend the defendant's constitutional right to a fair trial. If error is found, the appellate court must next determine whether the error prejudiced the defendant's due process rights to a fair trial. In evaluating prejudice, we simply adopt the traditional constitutional harmlessness inquiry demanded by *Chapman* [*v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)]. In other words, prosecutorial error is harmless if the State can demonstrate 'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). We continue to acknowledge that the statutory harmlessness test also applies to prosecutorial error, but when 'analyzing both constitutional and nonconstitutional error, an appellate court need only address the higher standard of constitutional error.' [Citation omitted.]" *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016).

*Was there error?*

Specifically, McCaughtry contends the State argued facts not in evidence because there was no evidence presented supporting his other children's allegations of sexual abuse. Specifically, McCaughtry contends that the allegations in the State's response to his departure motion—including allegations McCaughtry touched his other daughters' vaginas while masturbating, prostituted one of his daughters for a 12-pack of beer, and

4

forced his children to watch pornography with him—were unsupported by the evidence at the plea hearing. He also contends that the State could have attempted to call the other children as witnesses at sentencing but chose not to call them. Since no evidentiary basis for the allegations existed, he asserts comment on the allegations was improper.

The State argues its written response did not fall outside the wide latitude afforded prosecutors at sentencing. It concedes the prior molestation allegations were not presented by testimony or convictions but contends the evidence "was proffered as evidence that would have been appropriately admitted pursuant to K.S.A. 60-455 at trial." The State also argues its response was proper under K.S.A. 2017 Supp. 21-6815(d).

First, although the State does not raise or argue it, McCaughtry's motion for departure did not open the door to discuss allegations of prior sexual abuse. "'[A] prosecutor's improper comment or argument can be prejudicial, even if the [error] was extemporaneous and made under the stress of rebutting arguments made by defense counsel.' [Citation omitted]." *State v. Roeder*, 300 Kan. 901, 934, 336 P.3d 831 (2014) (disavowing language in previous cases that defense provocation can justify prosecutorial misconduct), *cert. denied* 135 S. Ct. 2316 (2015); *State v. Sprague*, 303 Kan. 418, 429, 362 P.3d 828 (2015) (When responding to defense arguments, the "'open-the-door rule does not insulate a prosecutor from a finding of misconduct.' [Citation omitted.]").

Our Supreme Court "has repeatedly emphasized that it is improper for a prosecutor to comment on facts not in evidence." *State v. Stimec*, 297 Kan. 126, 128-29, 298 P.3d 354 (2013). Nevertheless, it has done so in the context of closing arguments to a jury, not sentencing. Nonetheless, this court has considered claims of error based on sentencing comments not supported by the evidence.

In *Roland*, the defendant argued that the prosecutor improperly exaggerated the severity of Roland's actions by referring to the shooting at issue as a drive-by shooting

5

and stating Roland "'sho[t] up the City of Hutchinson.'" This court determined that the prosecutor's statements "accurately described the violent nature of Roland's actions" and the facts supporting the violent nature of his crime were undisputed. 2010 WL 1078454, at *3.

Similarly, in *Serrano-Garcia*, the defendant argued that the State committed prosecutorial error by referring to evidence presented at the trials of his codefendants. Nevertheless, this court determined that the prosecutor did not err because Serrano-Garcia did not object when the trial court asked the parties if it could consider the evidence presented at the codefendants' trials. Therefore, this court determined that the State's discussion of that same evidence was not outside the wide latitude afforded the prosecutor. 2011 WL 4357804, at *4.

Finally, in *State v. Wilson*, No. 114,567, 2016 WL 7324427, at *4 (Kan. App. 2016) (unpublished opinion), *rev. granted* 306 Kan. 1331 (2017), this court determined that a prosecutor's statements at a motion to correct an illegal sentence hearing were procedurally similar to alleged misconduct at sentencing. At the hearing on the motion to correct an illegal sentence, the prosecutor told the trial court Wilson digitally raped and sodomized a 13-year-old girl—an allegation unsupported by the record. This court concluded that the prosecutor's statements were improper. 2016 WL 7324427, at *9.

Here, as in *Wilson*, the evidence did not support the prosecutor's statements. While the State is correct that evidence of the prior molestation of McCaughtry's other daughters was admissible without a conviction, the State did not attempt to admit evidence of McCaughtry's alleged prior sexual abuse. Instead, it simply described the allegations in its response to McCaughtry's motion to depart. The State did not attach supporting affidavits or any other documents to its response. Likewise, the other children's victim impact statements were unsworn.

6

Further, K.S.A. 2017 Supp. 21-6815(d) does not support the State's position because the prior allegations were not evidence. K.S.A. 2017 Supp. 21-6815(d) states:

> "(d) In determining aggravating or mitigating circumstances, the court shall consider:
> (1) *Any evidence received during the proceeding*;
> (2) the presentence report;
> (3) written briefs and oral arguments of either the state or counsel for the defendant; and
> (4) *any other evidence relevant to such aggravating or mitigating circumstances that the court finds trustworthy and reliable*." (Emphasis added.)

At sentencing, the State did not attempt to admit the evidence; it called only B.M.M.'s therapist to testify. In opposing McCaughtry's motion for departure, the prosecutor argued facts that were not in evidence. As McCaughtry points out in its brief, the State could have avoided this unacceptable behavior of the prosecutor if it had done one of the following: "It could have called witnesses during sentencing or during the plea hearing in order to establish these facts." Nevertheless, as McCaughtry notes, the State failed to do either. We cannot condone this type of sloppy behavior by the prosecutor. As a result, we conclude that the prosecutor's comments were improper.

Thus, we must determine whether the prosecutor's comments prejudiced McCaughtry.

*Was there prejudice?*

To determine prejudice, this court applies the constitutional harmlessness test identified in *Chapman*. The State has the burden to establish "'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of trial in light of the

7

entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.'" *Sherman*, 305 Kan. at 109 (quoting *Ward*, 292 Kan. 541, Syl. ¶ 6).

McCaughtry argues "it is impossible the error did not affect his sentence." He contends that the number and specificity of his other children's allegations had to have an impact on the sentencing court's judgment. Thus, he asserts that reversal of his sentence is necessary. In contrast, the State argues that McCaughtry was not unfairly prejudiced. It contends that the trial court did not mention the State's presentation and only remarked upon McCaughtry's alleged mitigating factors, finding them insufficient.

At the outset of sentencing, McCaughtry objected to the victim impact statements included in the PSI report which discussed allegations about what he may or may not have done over the course of his life. He objected to statements that did not come from the actual victim in this case. The trial court responded: "And I certainly understand . . . that he is being sentenced today for one count of rape relating to the victim in this particular case." The trial court also indicated it would focus on this case.

During argument on the departure motion, McCaughtry reminded the trial court there had been no litigation of prior sexual abuse, stating: "We would take issue with the State's statement in the response regarding indicating [*sic*] that Mr. McCaughtry has molested his other daughters, as there's been no litigation of that and just, once again, to reiterate that there's no convictions of that."

In denying the departure motion, the trial court did not mention the allegations of prior sexual abuse. It stated:

> "[T]he court has reviewed your motion and the Court has considered the mitigating
> factors that you have set forth in your motion in support of your request for a departure.
> But the Court has also considered the facts of this particular case and what acts you did

8

commit to your young daughter, [B.M.M.], and the effect that your acts had on [B.M.M.]. And the Court simply does not find in this case that there are any substantial or compelling reasons for the Court to grant a departure to the guidelines sentence in this case or any further reduction. But the Court did consider those mitigating factors, and the Court concludes they're, that—and considering everything, that there are no substantial and compelling reasons for a departure."

There is no evidence suggesting that the trial court relied on McCaughtry's children's unsubstantiated allegations of prior sexual abuse when denying McCaughtry's departure motion. McCaughtry repeatedly reminded the trial court there was no evidence supporting those allegations. In denying the departure motion, the trial court focused on only the mitigating factors McCaughtry outlined and the effects McCaughtry's actions had on B.M.M. Because the error did not affect McCaughtry's sentence, McCaughtry was not prejudiced by any error. Thus, he is not entitled to relief.

Affirmed.